Clyde **BISHOP**, Administrator of the Estate of Mary Ann Bishop, Plaintiff-Appellant,

v.

**R.E.B. EQUIPMENT SERVICE, INC.,** et al., **Defendants-Appellees.**

Court of Appeals of Tennessee, Western Section, at Knoxville.

March 31, 1987.

Application for Permission to Appeal Denied June 8, 1987.

James A.H. Bell, Knoxville, for plaintiff-appellant.

Joe Nicholson, Maryville, for defendants-appellees.

CRAWFORD, Judge:

Plaintiff, Clyde Bishop, Administrator of the Estate of Mary Ann Bishop, appeals from the judgment of the trial court on a jury verdict for the defendants, R.E.B. Equipment Services, Inc., Robert E. Box, and Stanley D. Meador.

This is a wrongful death action resulting from a collision which occurred June 3, 1983, at the intersection of Allegheny Loop Road and Six Mile Road in Blount County. Plaintiff's decedent was proceeding north on Allegheny Loop Road and defendant's truck was proceeding east on Six Mile Road. A stop sign controls traffic proceeding on Allegheny Loop Road as it enters Six Mile Road. The automobile of plaintiff's decedent was struck in the left side by the front of defendant's truck as the automobile proceeded into the intersection from the stop sign. Plaintiff's theory of

recovery is that defendants were operating the vehicle negligently and had the last clear chance to avoid the accident. Defendants contend that the negligence of plaintiff's decedent was the direct and proximate cause of the collision.

Plaintiff has presented one issue for review by this court which we quote:

Whether it is reversible error for the trial court to admit as substantive evidence a hearsay expert report of an expert.

The admission of the allegedly erroneous evidence occurred in connection with the testimony of Bobby Jones, an accident reconstructionist presented as a witness for the plaintiff. Jones testified regarding conditions at the scene of the accident, point of impact, and the final resting place of the vehicles. We quote from the record that part of his testimony on direct examination from which the controversy presented in this appeal originated:

Q. All right. Now, relative to the point of impact on the—in the collision itself, did you determine the point of impact?

A. Yes, I did.

Q. And, where is that?

MR. NICHOLSON: We object Your Honor.

THE COURT: Gentlemen, tell me why you object. Don't just object.

MR. BROWN: He hasn't told us anything about how he arrived—

MR. NICHOLSON: at point of impact, any basis on which he makes that conclusion.

Q. Where did you get your information about the point of impact?

A. From the defendant's expert's report.

THE COURT: Go ahead.

JONES—DIRECT

Q. Where did you determine to be the point of impact?

A. Five feet north of the center line of Six Mile Road and one foot east of the center line of Allegheny Loop Road.

THE COURT: Five feet north of the center line of Six Mile Road and what else?

THE WITNESS: And, one foot east of the center line of Allegheny Loop Road.

Q. Would you care to step down Mr. Jones and put a "PI" and an arrow drawing to the point of impact.

(Witness complies with request of counsel.)

Q. Now, did you independently verify that based on your investigation, not only what the defendant's expert did, but did you also check that?

A. Yes, sir, I did.

Q. All right. Is that where you independently determined the point of impact to be?

A. Yes, I did.

On cross examination by defendant's counsel, the following occurred:

Q. You have previously referred to the various things on which you have relied. One being exhibit number nineteen [Defendant's expert report] for identification purposes. I show you exhibit nineteen. Is that the report on which you say you relied on some of your measurements and conclusions?

A. This is a copy of that report.

After much colloquy between counsel, the court allowed part of the report to be introduced as an exhibit and to be passed to the jury for inspection. A reproduced copy of the exhibit as admitted is attached as an addendum to this opinion.*

Plaintiff contends that the admission of the report as substantive evidence was error because the report is hearsay and not subject to admission over his objection.

■ We note that defendant's counsel did not object to this expert's opinion as to the point of impact after the expert testified that he got his information from the defendant's expert report. Although plaintiff's expert further testified that he independently verified the point of impact from his own investigation, he still did not testify concerning the facts upon which he based this opinion. The testimony would have been objectionable at defendant's instance, but counsel chose not to object.

* Editor's Note: The exhibit was omitted from publication as it was too indistinct to be reproduced

*See Johnson v. Attkisson,* 722 S.W.2d 390 (Tenn.App.1986).

■ From our review of the excerpts from the report admitted into evidence, it appears that the court allowed into evidence much more information than that pertaining to the expert's establishment of the point of impact. In any event, the report of this expert is hearsay and over plaintiff's objection should not have been admitted. Plaintiff's real complaint about the report is the statement on the last page thereof: "All markings on the pavement indicated that the automobile, driven by the deceased, Mary Ann Bishop, ran through the stop sign." Plaintiff concedes that his theory of the case based on last clear chance presupposes that plaintiff's decedent entered the intersection from a stop sign, but he contends that the effect of having this statement in writing as substantive evidence caused the jury to lend more credence to this statement than the testimony of plaintiff's expert. The parties concede that the defendant's expert when called to the stand after the presentation of plaintiff's evidence, testified about all of the matters contained in his report as it was admitted into evidence, although it would appear that defendant's expert was allowed to go a little too far concluding that plaintiff's decedent "ran through the stop sign."

■ T.R.A.P. 36(b) provides:

(b) *Effect of Error.* A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

Prior to the adoption of Tennessee Rules of Appellate Procedure, the statute [T.C.A. § 27–117] placed the burden upon the complaining party to show that he had been prejudiced by the error alleged. *Love v. Smith,* 566 S.W.2d 876 (Tenn.1978). Our interpretation of T.R.A.P. 36(b) does not indicate that this burden has been changed.

In *Love,* Justice Brock, speaking for the Court, said:

clearly.

Ordinarily, an error in admitting evidence is harmless if the fact shown by the offending evidence is also shown by other evidence in the record which is competent. *See Snow v. Owens*, Tenn. App., 505 S.W.2d 479, 486 (1973). If it appears to the reviewing court from an examination of the whole record that the verdict is unlikely to be different in the event of a retrial, the error must be considered to be harmless. *Hay v. Memphis Light, Gas and Water Division*, 221 Tenn. 258, 426 S.W.2d 182, 187–88 (1968).

566 S.W.2d at 879.

The record before us consists of what was formerly referred to as the technical record, the testimony of the expert Jones, the exhibits, and the testimony of two or three other witnesses. From our review of the record, we cannot say that the error in admitting the report more probably than not affected the verdict of the jury and the judgment thereon.

Although the expert's opinion report should not have been introduced as substantive evidence, it should be considered harmless error under the authorities. Accordingly, the judgment of the trial court is affirmed, costs of the appeal are assessed against the appellant.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.