IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 15, 2001 Session

## MYRTLE MAE DALY BROWN, ET AL. v. NORMA JEAN BELTON DALY

**Direct Appeal from the Chancery Court for Shelby County**
**No. 97321-2     Floyd Peete, Chancellor**

_____

**No. W2001-00953-COA-R3-CV - Filed December 14, 2001**
_____

This appeal involves the disputed ownership of real property. Appellee claims title to the land by
prescription, or in the alternative, under the doctrine of laches. After a jury trial, the trial court
entered a judgment in favor of Appellee. Appellants assert that the trial court erred by admitting a
check into evidence as proof that Appellee's predecessor in interest lived on the property without
the permission of Appellants. We agree that the trial court erred by admitting the check, but we
affirm the judgment of the trial court because the record contains material evidence to support the
jury's findings and corresponding verdict.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and
Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K.
LILLARD, J.J., joined.

G. Keith Rogers and Larry K. Scroggs, Collierville, Tennessee, for the appellants, Myrtle Mae Daly
Brown, Willie Myrle Daly Cruse, Mary Elizabeth Daly Wolfe, and T. J. Ward.

Joe M. Duncan and R. Porter Feild, Memphis, Tennessee, for the appellee, Norma Jean Belton Daly.

**OPINION**

In June 1989, Myrtle Mae Daly Brown, Willie Myrle Daly Cruse, Mary Elizabeth Daly
Wolfe, and T.J. Ward (Appellants) filed suit against Norma Jean Belton Daly (Appellee) claiming
that they each own an undivided one-fifth interest in certain real property located in Eads, Tennessee,
as the children and surviving heirs of Earl J. Daly (Father) who died on August 7, 1966.[1] Appellants
sought to have the property partitioned and sold pursuant to sections 29-27-101 to -219 of the
Tennessee Code. Further, Appellants asserted that Appellee is the rightful owner of the remaining

_____

[1]After the Appellants filed this lawsuit, Mr. Ward passed away. Therefore, Mr. Ward's heirs were substituted
as party plaintiffs.

one-fifth interest as the widow and a will beneficiary of Earl W. Daly (Son).[2]  Appellee filed an answer and counterclaim contending that Son was the sole owner of the subject property at the time of Son's death and that the land passed to Appellee under the terms of Son's will.  Therefore, Appellee argued, she is the lawful owner of the property in fee simple.  Appellee stated in her answer and counterclaim that Son acquired the property by transfer from Father to Son or, in the alternative, by prescription.  Appellee also asserted the defense of laches.

This matter has come before this Court on two earlier occasions.  On the first appeal of this case, this Court held that Appellants were entitled to a trial by jury.  ***Brown v. Daly***, 884 S.W.2d 121 (Tenn. Ct. App. 1994).  Upon remand, the trial court entered judgment on a jury verdict finding that all right, title and interest in the property were vested in the Appellee and dismissed Appellants' complaint.  Appellants appealed that decision, asserting that the trial court erred in certain evidentiary rulings.  In ***Brown v. Daly***, 968 S.W.2d 814 (Tenn. Ct. App. 1997), we reversed the decision of the trial court and remanded for a new trial.  In reversing the trial court's decision, we held that "where a co-tenant is claiming title by prescription . . . , statements made by the other co-tenant(s) granting him permission to remain on the property are not inadmissible hearsay but have legal significance and effectuate legal consequences . . . ." ***Id.*** at 818.  Further, we held that a check offered by Appellee to illustrate the transfer of title from Father to Son was improperly admitted into evidence to "represent an instrument of conveyance or transfer of title." ***Id.*** at 819.

As the result of our holding in the second appeal of this matter, Appellee did not argue that Son acquired the property from Father by virtue of a conveyance or transfer of title.  At the third trial, Appellee argued that Son acquired title to the property by prescription and asserted that laches barred Appellants' claim.  Upon the conclusion of the proof, the jury found in favor of the Appellee under both theories.  As a result of this decision, Appellants again require our review of the case.

At trial, the parties put forth the following proof.  In June 1964, Father purchased 29.09 acres of real estate located at 700 Reed hooker Road for approximately $6500.00.  After Father purchased the land, a house was transported to the property.  Shortly thereafter, Son moved into the house.  Appellants assert that Father lived in the house with Son, but Appellee offered proof to the contrary.  It is undisputed that Father was in the house when he died on August 7, 1966.  As Father died intestate, his heirs were Son, Ms. Brown, Ms. Cruse, Ms. Wolfe, and Mr. Ward.  After Father died, Son remained on the property and made several improvements to the real estate.

Son married Appellee in 1969.  After they were married, Appellee moved into the house located on the property.  During their marriage, Son and Appellee made additional improvements to the property, paid all real estate taxes on the property, and paid off a note that was secured by the property.  Appellee and Son lived together on the property until Son died in 1988.

---

[2]Son was the brother of Appellants.  Son and Appellants were Father's children and only living heirs when Father died.

-2-

Son died testate, leaving the property on 700 Reed Hooker Road to Appellee under the terms of his will. Appellee continues to reside on the property and has maintained it as her home since her 1969 marriage to Son.

As a result of the jury verdict in favor of Appellee, Appellants raise three issues for our review. These issues, as stated by Appellants, are as follows:

I. Whether the trial court erred by admitting into evidence a check dated May 10, 1966, drawn on the Union Planters Bank Account of Earl W. Daly (Son) in the amount of $1,521.49 payable to Earl Daly (Father)?

II. Whether the trial court erred in submitting to the jury the question of whether Plaintiffs/Appellants had waited too long to claim their undivided interests in 700 Reed Hooker Road, Eads, TN?

III. Whether the verdict was contrary to the weight of the evidence?

As this appeal is the result of a jury trial, our review is limited to a determination of whether there is material evidence to support the jury's verdict. Tenn. R. App. P. 13 (d); *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994). If material evidence exists to support the jury's verdict, the corresponding judgment will not be disturbed on appeal. *Reynolds*, 887 S.W.2d at 823. Further, on an appeal from a jury verdict, we do not determine the credibility of witnesses or weigh the evidence. *Id.* With respect to the trial court's legal conclusions, however, our review is *de novo* with no presumption of correctness. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000).

In their first issue, Appellants assert that the trial court erred by admitting a check from Son to Father into evidence. Son issued the check to Father in the amount of $1,521.49. The check stated that it was "payment in full for all interest in 29.1 acres at 700 Reed Hooker Road." As the check was at issue in the previous appeal of this case, each party filed a motion in limine regarding the admission of the check into evidence. Upon consideration of the parties' memoranda, their statements at the hearing, this Court's previous ruling, and the record, the trial court granted Appellee's motion in limine to admit the check. The court stated that "[t]he check shall be allowed into evidence to negate the contention that Earl Daly, Son, sought permission from Plaintiffs to remain living on the land. The check may be offered to show the state of mind of Earl Daly, Son." Shortly before Appellee introduced the check into evidence at trial, Appellants renewed their objection. Appellants argued that the check was not relevant, and further, if the court determined the check was relevant, Appellants argued that the check should be excluded under rule 403 of the Tennessee Rules of Evidence.[3] Again, the court overruled Appellant's objection and admitted the

---

[3] Rule 403 states as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Tenn. R. Evid. 403.

check into evidence. In an effort to alleviate jury confusion regarding the check, the court gave a limiting instruction to the jury. The court instructed the jury that

> [c]heck number 055 has been admitted as evidence to only show the state of mind of Earl W. Wesley [sic], the son, regarding whether he sought permission from the plaintiffs in order to continue living on the property at 700 Reed Hooker Road after the death of Earl Daly, the father. Check number 055 does not represent an instrument of conveyance or a transfer of title from Earl Daly, the father, to Earl Daly, the son. And you may not consider the check as being a memorandum of contract or agreement between Earl Daly, the father, and Earl Daly, the son. The check may be considered by you as evidence to show the state of mind of Earl Wesley Daly. You may consider this evidence when determining whether Earl Wesley Daly thought he owned 700 Reed Hooker Road or whether he was living on the land with permission of the plaintiffs.

The central issue in Appellee's argument that Son acquired the title to the property by prescription was whether Appellants gave permission to Son to remain on the land. In the second appeal of this case, we stated that "a presumption of title may arise by an exclusive and uninterrupted possession of the land by one tenant in common for twenty or more years, claiming the same as his own without any recognition of his co-tenants or claim upon their part." *Brown v. Daly*, 968 S.W.2d 814, 817 (Tenn. Ct. App. 1997) (citing *Morgan v. Dillard*, 456 S.W.2d 359 (Tenn. 1970). One may rebut the presumption "by facts showing that the possession was not adverse but by the indulgence, permission, or as tenant of the owner." *Id.* Therefore, the elements that are necessary to establish title by prescription are as follows:

> (1) The prescriptive holder has been in exclusive and uninterrupted possession of the land in question for more than 20 years, claiming the same as his own without any accounting to his co-tenants or claim on their part – they being under no disability to assert their rights.
>
> (2) The holder's occupancy of the property in question was without the actual or implied permission of the other co-tenants.

*Id.* (quoting *Livesay v. Keaton*, 611 S.W.2d 581, 583 (Tenn. Ct. App. 1980)). Both elements must be proven for the doctrine of title by prescription to apply. *Id.*

As an initial matter, we must discuss the standards for reviewing a trial court's evidentiary decisions. The trial court has a great deal of discretion when considering the admission or exclusion of evidence. *White v. Vanderbilt University*, 21 S.W.3d 215, 222 (Tenn. Ct. App. 1999); *Tire Shredders, Inc. v. ERM-North Central*, 15 S.W.3d 849, 859 (Tenn. Ct. App. 1999). Appellate courts may review a trial court's discretionary decisions, but that review is with less appellate scrutiny. *White*, 21 S.W.3d at 222. If the discretionary decision is within a range of acceptable alternatives, appellate courts will not substitute their decision for that of the trial court simply

because the appellate court would have chosen a different alternative. *Id.* at 223. Accordingly, appellate courts will not interfere with a trial court's evidentiary rulings absent a clear abuse of discretion. *Tire Shredders, Inc*. 15 S.W.3d at 858.

A trial court must use conscientious judgment when making discretionary decisions. *White*, 21 S.W.3d at 223. The court must consider the applicable law along with the facts before the court. *Id.* A discretionary decision will be set aside only when the trial court misconstrued or misapplied the controlling legal principles or acted contrary to the substantial weight of the evidence. *Id.* Therefore, an appellate court will review a trial court's discretionary decision to determine: "(1) whether the factual basis for the decision is supported by the evidence, (2) whether the trial court identified and applied the applicable legal principles, and (3) whether the trial court's decision is within the range of acceptable alternatives." *Id.*

Appellants assert that the check was not relevant to determine whether Appellants gave Son permission to remain on the property after Father's death. Rule 401 of the Tennessee Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." In the present case, the determinative fact in the prescription issue is whether Appellants gave Son permission to live on the property.[4] At trial, Appellants stated that they met with Son after Father died and gave Son permission to live on the property. Appellee offered the check as evidence that the Appellants did not give Son permission to live on the property. To support the trial court's decision to admit the check into evidence, Appellee argues that the check illustrates that Son did not have the state of mind to seek permission to live on the farm because Son thought he already purchased the farm from Father. Consequently, Appellee asserts that the check makes it less probable that Son requested permission or reached an agreement with Appellants.

Appellee's argument misconstrues the issue and the corresponding element of prescription. As we stated in the second appeal of this case, in order for Son to have acquired the property by prescription, Son must have possessed the property "without the actual or implied permission of the other co-tenants." Accordingly, the proper inquiry is whether Appellants gave Son permission to live on the property. As we are concerned with the actions of Appellants, Son's state of mind three months prior to the death of Father is not relevant to determine whether Appellants gave Son permission to remain on the property after Father's death. The check from Son to Father does not make it less probable that Appellants gave Son permission to live on the land. The trial court misapplied the controlling legal principles in making its evidentiary decision. Therefore, as the check was irrelevant to determine whether Appellants gave Son permission to live on the property, we conclude that the trial court erred by admitting the check into evidence.

---

[4] It is undisputed that Appellee established the first element of title by prescription. Appellee established that Son held the land for more than 20 years while claiming the land as his own without any accounting to Appellants or claim on their part. Additionally, Appellee established that Appellants were not under any disability that prohibited Appellants from asserting their rights.

The trial court's error in admitting the check, however, does not require this Court to reverse the disposition of the present case. The Tennessee Rules of Appellate Procedure provide that "[a] final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b). The burden is on the complaining party to show that the error was prejudicial. **Bishop v. R.E.B. Equipment Serv. Inc.**, 735 S.W.2d 449, 452 (Tenn. Ct. App. 1987). In **Bishop**, we also stated that

> [o]rdinarily, an error in admitting evidence is harmless if the fact shown by the offending evidence is also shown by other evidence in the record which is competent. If it appears to the reviewing court from an examination of the whole record that the verdict is unlikely to be different in the event of a retrial, the error must be considered to be harmless.

**Id.** (quoting **Love v. Smith**, 566 S.W.2d 876, 879 (Tenn. 1978) (citations omitted)). We have examined the whole record in this case. From our review, we cannot say that the error in admitting the check more probably than not affected the jury verdict and the corresponding judgment.

As we stated in the second appeal of this case, after the person claiming title to the land by virtue of the doctrine of prescription establishes that "[t]he prescriptive holder has been in exclusive and uninterrupted possession of the land in question for more than 20 years, claiming the same as his own without any accounting to his co-tenants or claim on their part -- they being under no disability to assert their rights," a presumption of title may arise in favor of the possessor of the land. **Brown v. Daly**, 968 S.W.2d 814, 817 (Tenn. Ct. App. 1997) (quoting **Livesay v. Keaton**, 611 S.W.2d 581, 583 (Tenn. Ct. App. 1980)). This presumption may be rebutted by evidence that the possession was by the permission or indulgence of the other co-tenants. **Id.** Accordingly, after the party claiming title to the land through prescription establishes the presumption in their favor, the party arguing against title by prescription has the task to rebut the presumption through evidence illustrating that the possession of the land was with the permission of the other co-tenants.

In order to show Son had Appellants' permission to live on the land, Appellants testified that they met with Son after Father's death and told Son that he could remain on the land. This testimony provides a basis to rebut the presumption that Son acquired the property by the doctrine of prescription. Further, this testimony is direct evidence that Appellants gave Son permission to live on the property, as it "does not require inferences for its relationship to the fact to be proved." Neil P. Cohen, **Tennessee Law of Evidence** § 4.01[5] (4th ed. 2000).

Appellee offered no direct evidence to contradict Appellants assertion that they gave Son permission to live on the land. Instead, Appellee offered circumstantial evidence that Son lived on the land without the permission of Appellants. Appellee's evidence included the check that the trial court erroneously admitted into evidence. In addition to the check, Appellee offered further circumstantial evidence to support her claim. To illustrate that Son lived on the property without the permission of Appellants, Appellee put forth evidence illustrating the various improvements Son

-6-

made on the property. After Son married appellee in 1969, they enlarged the kitchen, built a garage, converted the old garage into a master bedroom and bath, and constructed a game room. Further, the couple built a breeze way, a utility room, and a deck. Son and Appellee placed a hot tub on the deck. Additionally, they constructed a barn, a tractor shed, and a chicken house. Son and Appellee also enlarged two of the original bedrooms and constructed walk-in closets therein. Finally, the couple converted a chicken house into a small guest house that contained two bedrooms and a bath. Appellee testified that she and Son paid for the improvements, and further, that they made the improvements without consulting Appellants. Appellee also established that Son made an effort to devise the property to Appellee under the terms of his will. Son's will contained a provision devising all of Son's real property to Appellee including "the house and land and all improvements at 700 Reed Hooker Road, Eads, Tennessee. . . ."

Whether Appellants gave Son permission to live on the property was a material fact left for the jury to decide. Parties may prove any material fact by direct or circumstantial evidence. *Marshall v. Jackson & Jones Oils, Inc.*, 20 S.W.3d 678, 683 (Tenn. Ct. App. 1999); *Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, 944 (Tenn. Ct. App. 1984). A jury may utilize circumstantial evidence to reasonably infer the facts at issue in a particular case. *Martin v. Washmaster Auto Ctr., U.S.A.*, 946 S.W.2d 314, 317 (Tenn. Ct. App. 1996); Neil P. Cohen, *Tennessee Law of Evidence* § 4.01[5] (4th ed. 2000). Further, a party to a lawsuit can satisfy their burden of proof regardless of whether the preponderance of the evidence is based on circumstantial or direct evidence. *Aetna Cas. & Sur. Co. v. Parton*, 609 S.W.2d 518, 520 (Tenn. Ct. App. 1980); Cohen, *supra* at § 4.01[5].

In the present case, Appellants offered direct evidence to rebut the presumption that Son acquired the property through prescription. Appellee offered relevant circumstantial evidence to counter Appellants proof. We are of the opinion that the jury could have relied upon Appellee's circumstantial evidence to reasonably infer Son occupied the property without Appellant's permission. The evidence illustrates Son's state of mind after Appellants claimed to give Son permission to live on the property. The evidence permits an inference that Son did not believe he was occupying the land with Appellants permission. Accordingly, the jury could have utilized Appellee's properly admissible circumstantial evidence to refute Appellants' assertion that they gave Son permission to live on the property.

Unlike the check, this evidence is relevant to make it less probable that Appellants gave Son permission to live on the property. It is reasonable to infer that Son would not have made the extensive improvements to the property had he been living there merely with the permission of Appellants. Further, a jury could infer that Appellants did not give Son permission to live on the property from the fact that Son failed to ask permission from Appellants to improve the land. Finally, it is reasonable to infer that Appellants did not give Son permission to live on the property from the fact that Son attempted to devise the property to Appellee. In contrast to the check, the improvements and the will provide evidence that Appellants did not take the affirmative step of giving Son permission to remain on the property. Accordingly, this circumstantial evidence is material evidence that Appellants failed to give Son permission to live on the property. Therefore, under our standard of review, we cannot disturb the trial court's judgment. There is material

evidence to support the jury's verdict, and the trial court's error in admitting the check into evidence likely did not affect the jury's decision.

Our determination that the trial court erred in admitting the check into evidence pretermits Appellant's issue of whether the check was improperly admitted as hearsay. Further, as we have concluded that Appellee produced material evidence to support a jury finding that Son acquired the property by the doctrine of prescription, the issue of whether Appellants' claim was barred by the doctrine of laches is likewise pretermitted.

Accordingly, we affirm the decision of the trial court. The costs of this appeal are taxed to Appellants, Myrtle Mae Daly Brown, Willie Myrle Daly Cruse, Mary Elizabeth Daly Wolfe, and the successors of T. J. Ward, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE