# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 18, 2006 Session

# ED HAWKINS, ET AL. v. CORLISS SINGLETARY

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-005262-04    Donna M. Fields, Judge

### No. W2006-00911-COA-R3-CV - Filed October 2, 2006

Plaintiffs sought property damages in the amount of $2000 for diminution of value.  A jury awarded Plaintiffs damages in the amount of $500; the trial court denied Plaintiffs' motion to alter/motion for a new trial.  Plaintiffs appeal.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., and ALAN E. HIGHERS, J., joined.

Nicholas J. Owens, Jr., Memphis, Tennessee, for the appellants, Ed and Lori Hawkins.

Paul C. Peel, Memphis, Tennessee, for the appellee, Corliss Singletary.

### MEMORANDUM OPINION[1]

This dispute arises from a December 2002 automobile accident in which a 1995 Ford Aerostar owned by Plaintiffs Ed Hawkins and Lori Hawkins (Ms. Hawkins; collectively, "the Hawkins") was damaged when struck from behind by a vehicle driven by Defendant Corliss Singletary (Ms. Singletary).  In October 2003, the Hawkins filed an action in general sessions court, which entered judgment for Ms. Singletary.  The Hawkins appealed to circuit court on August 13, 2004.  On September 23, 2004, Ms. Singletary demanded a jury trial.  The Hawkins asserted damages in the amount of $2,000 for diminution in the value of their vehicle.

---

[1] **RULE 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On January 9, 2006, Ms. Singletary made an offer of judgment of $1,500 pursuant to Rule 68 of the Tennessee Rules of Civil Procedure. The Hawkins refused the offer, and the matter was heard by a jury on January 24, 2006. The jury found Ms. Singletary liable for damages and awarded the Hawkins damages in the amount of $500. On February 14, 2006, the trial court entered judgment in favor of the Hawkins in the amount of $500. The trial court assessed costs accruing prior to Ms. Singletary's offer of judgment against Ms. Singletary and assessed costs accruing after the offer of judgment against the Hawkins.

The Hawkins filed a motion to alter or amend/motion for a new trial wherein they asserted the jury award of $500 was arbitrary because it was not based on any evidence submitted at trial. They prayed the court to alter or amend the judgment to $2,000 plus costs or, in the alternative, for a new trial. On March 1, the Hawkins filed a motion for discretionary costs in the amount of $666.15 under Rule 54.04 of the Tennessee Rules of Civil Procedure. Ms. Singletary opposed the Hawkins' motion for costs and petitioned for costs under Rule 54.04 and Rule 68.

The trial court denied the Hawkins' motion to alter or amend/for a new trial on March 31, 2006. On May 19, 2006, the trial court granted, in part, and denied, in part, the Hawkins' motion for discretionary costs. The trial court assessed costs accruing before the offer of judgment against Ms. Singletary, and assessed costs accruing after the offer of judgment and through trial against the Hawkins. It denied Ms. Singletary's request for court reporter expenses. The Hawkins filed a timely notice of appeal to this Court.

On appeal, the Hawkins assert the trial court erred by denying their motion to alter or amend the judgment from $500 to $2,000 because Ms. Hawkins' unrefuted opinion testimony was that her vehicle was worth $8,000 prior to the accident and $6,000 after. They assert that, because this opinion testimony was the only evidence submitted to the jury regarding diminution in value, the jury was constrained to award them either the full amount of $2,000 or, if it found Ms. Hawkins to be not credible, no damages at all. They further assert, in the alternative, the trial court erred by denying them a new trial because the verdict is contrary to the weight of the evidence. Ms. Singletary, on the other hand, does not appeal the award of damages but asserts the trial court erred by awarding the Hawkins any costs where the verdict was three times less than her Rule 68 offer of judgment. Ms. Singletary also asserts that she was the prevailing party for the purposes of Rule 54.04 because the jury verdict was substantially less than the offer of judgment.

Rule 68 of the Tennessee Rules of Civil Procedure provides: "[i]f the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay all costs accruing after the making of the offer." This Court has held that "costs" under Rule 68 does not include court reporter's fees. *Woods v. Herman Walldorf & Co.*, 26 S.W.3d 868, 879 (Tenn. Ct. App. 1999). We find no error in the trial court's award of costs under Rule 68. Additionally, upon review of the record, we observe that virtually the entire trial of this matter pertained to liability. The only testimony regarding the amount of damages asserted by the Hawkins was Ms. Hawkins' assertion that the rear latch of the vehicle was broken and could not be repaired and that, in her opinion, the vehicle was worth $2,000 less after the accident than before. Ms. Singletary did not prevail on the

issue of liability and, although the jury award to the Hawkins was less than prayed for, Ms. Singletary cannot be said to have "prevailed" on the issue of damages. Accordingly, we find no error in the trial court's award of costs under Rule 54.

If a jury's award is supported by any material evidence, we must affirm the judgment. Tenn. R. App. P. 13(d). Further, on an appeal from a jury verdict, we do not determine the credibility of witnesses or weigh the evidence. *Brown v. Daly*, 83 S.W.3d 153, 156 (Tenn. Ct. App. 2001). In this case, the only evidence offered to support the Hawkins' claim for $2,000 in damages resulting from diminution in value of their 1995 vehicle was Ms. Hawkins' testimony. Ms. Hawkins testified that the only damage to the vehicle that had not been repaired was to the rear door latch. She testified that the rear door would not latch properly, and that the door could not be locked or unlocked from the outside. Ms. Hawkins testified that the accident had resulted in nearly $2,000 in damages to the vehicle, and that the she estimated that the value of the vehicle for resale purposes had diminished from $8,000 to $6,000. She stated, however, that this testimony was "strictly opinion. It's not from a blue book estimate."

Upon review of the transcript, we believe the jury's determination in this case was based largely on credibility. Although material evidence exists to support a finding of diminution in value, the jury simply did not find Ms. Hawkins' estimate of the amount of diminution in value to be credible. As noted above, Ms. Singletary has not appealed the jury's award of $500 in damages. We affirm.

In light of the foregoing, we affirm the judgment of the trial court in its entirety. Costs of this appeal are taxed one-half to the Appellee, Corliss Singletary, and one-half to the Appellants, Ed and Lori Hawkins, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE