McKimtst, J.,
delivered tlie opinion of the court.
This was an action of ejectment. The plaintiff" failed in the action, and the case is brought here upon an appeal in error. The only point necessary to be considered, arises upon the charge of the court.
The jury were instructed, “that the plaintiff in de-raigning his title, must do so regularly from the State of Tennessee, or North Carolina, either to himself or to some other person under whom he claimed; or he must show twenty years possession under a deed, or some color of title, which would make his title good in the absence of any grant.”
This instruction is singularly inaccurate.
Under our law, the plaintiff in ejectment, may establish a title in himself: 1st, by a connected chain of conveyances from the grantee, or secondly, by operation of the first section of the statute of limitations of 1819; or thirdly, long possession, which in the eye of the law, is an assurance of title.
Where, as in the case before us, the plaintiff claims to have acquired a “good and indefeasible title in fee simple,” to the premises sued for, by operation of the statute of limitations, it is required that he should show, not only seven years possession, held or claimed by virtue of a deed, devise, grant, or other assurance purporting to convey an estate in fee simple: he must likewise show that the land had been granted by this State or North Carolina, either in fact, or by presumption of law.
Until the land has been granted, the statute cannot attach or begin to run. But if in point of fact, there has been a grant, it is unimportant to whom it may have *213 issued. So far as respects the title of the possessor, whether the land was granted to the person from or through whom the possessor derives title, or to another and adverse claimant, is a consideration, that does -not in the slightest degree affect the operation of the statute.
The only enquiry is, has the land been granted? no matter to whom.
If, however, as in the case under consideration, the plaintiff be unable to produce the grant, or to show that the land has in fact been granted, he may resort to the presumption of law arising from a continued uninterrupted possession for the space of twenty years. This long continued possession is regarded in law, as evidence of title and seisin in fee, and it supplies the absence or loss of a grant.
But in the latter case, where the plaintiff relies upon the presumption of a grant, it is no more important than in the former, where a grant is shown to exist; that the possession, upon which the presumption is founded, should have been a possession in the person from whom the plaintiff’s assurance of title was derived, or those under whom he claimed. The effect as respects the operation of the statute upon the plaintiff’s title, will be the same, although the possession were adverse to the claim of those from whom the plaintiff’s deed or other assurance was derived. Here, as in the former ease, the only matter of importance is, the fact of such a prior possession, as is sufficient to raise the presumption. With the aid of the presumption of a grant thus arising; or upon showing the actual existence of a grant, as before stated, the party whose title has become indefeasible by force of the first *214 section of the statute, is in a condition to maintain ejectment, or any other form of action, for an injury to the premises.
Th.e first proposition laid down in the charge of the court, that the plaintiff must show a grant, “either to himself, or to some other person, under whom he claimed,” is wholly erroneous. And the second proposition is no less erroneous. It assumes that if the existence of a grant cannot be established, the party “must show twenty years possession under a deed, or some color of title.” This is confounding the doctrine of presumption with the statute of limitations, things, which in their nature, are very different.
The doctrine of presumption of title, rests upon the simple fact of long continued use and enjoyment, and requires no aid from “color of title.” Possession of land is prima facie evidence of title; the law supposes that it had a legal origin, and when undisturbed for the period of twenty years, it becomes in view of the law, an assurance of title of no less force or efficacy than the actual grant, whose place it supplies. The presumption is not founded upon the idea, that as a matter of fact, a grant once existed, nor is it aided by the fact, that the possession may have been held under some defective form of assurance: it rests alone upon a principle of public policy, to quiet the title of those who can show no other title than long continued possession and use.
The judgment will be reversed.