ERNEST MORGAN, Appellee, v. DAISY MORGAN DILLARD et al., Appellants.—456 S.W.2d 359.

Western Section. February 2, 1970.

Certiorari Denied by Supreme Court July 6, 1970.

520

W. T. Diamond, Jr., and Roger C. Murray, Jr., Jackson, for appellants; Fonville & Diamond, Murray & Murray, Jackson, of counsel.

Waldrop, Hall & Tomlin, and James H. Wallace, Jr., Jackson, for appellee.

MATHERNE, J. The complainant Ernest Morgan filed suit in Chancery to establish fee simple title to an 8.44 acre tract of land in Madison County, Tennessee.

Complainant is a child of Joe Morgan and wife Ellen Morgan. Joe and Ellen Morgan died intestate in the year 1923 at which time they owned the land in dispute. The defendants to this suit are all the other heirs at law of Joe and Ellen Morgan.

The thrust of complainant's Original Bill is that he has held exclusive and uninterrupted possession of the land since the death of his parents; he has paid the taxes

thereon during this period; he has received rents and profits without an accounting to anyone; he has paid off an indebtedness on the property, rebuilt the dwelling, and has so held the property as his own for more than forty years. Complainant prayed the Court to adjudge him the fee simple owner of the 8.44 acre tract under the common law doctrine of title by prescription based upon twenty years exclusive and uninterrupted possession.

The defendants by Answer and Cross-Bill admit that complainant has been in possession for the period he claims, but allege this possession was permissive and by agreement of these defendants; that complainant has not held exclusive and uninterrupted possession except through their permission and by his agreement, and that they as tenants in common with complainant are not therefore cut off under the doctrine of twenty years title by prescription; and, that complainant owns only an undivided one-sixth of the 8.44 acre tract. The defendants prayed the land be sold and the proceeds divided among the complainant and the defendants in accordance with their relationship to Joe and Ellen Morgan.

The cause was tried before a jury. The questions submitted to the jury and the answer to each are as follows:—

"1. Has the complainant, Ernest Morgan, been in exclusive and uninterrupted possession of the land in question for a period of more than twenty (20) years * * * claiming the same as his own, without any account with his co-tenants or claim on their part * * * they being under no disability to assert their right?" Answer: Yes.

"2. Was the complainant, Ernest Morgan's occupancy of the property in question by permission either

actual or implied of the other heirs of Joe Morgan or Ellen Morgan?" Answer: No.

The Chancellor thereupon entered a decree which divested the defendants of all right, title, interest or claim in and to the 8.44 acres and vested title thereto in the complainant.

The defendants appealed to this Court, and assign the following errors: (1) The Chancellor erred in overruling the defendant's motion for a directed verdict; (2) The complainant failed to prove all the elements of adverse possession as required of a tenant in common against his co-tenants; (3) The evidence preponderated against the verdict, and (4) The Chancellor erred in overruling the defendant's motion for a new trial based upon the theory of newly discovered evidence.

The facts reveal that Joe and Ellen Morgan died in the year 1923 at which time complainant was living with them. After the death of his parents the complainant continued to live on the 8.44 acre tract. Complainant received all rents and profits, paid the taxes, and made no accounting to his co-tenants during all these years. The complainant testified that soon after the death of his parents he told some of the other heirs that if they wanted any part of the land to start paying some of the taxes. One of these other heirs was defendant Daisy Morgan Dillard who heard complainant so testify and when she testified she was not asked concerning the accuracy of the statement made by complainant.

It is established that no co-tenant of complainant made any demand or claim to complainant or anyone else that they had an interest in the land. These co-tenants lived

in other states for years except for Daisy Morgan Dillard who moved back to Jackson, Tennessee in 1944; they all knew that complainant was in possession of the property.

Complainant's sister Clara Morgan Alexander purchased a house and had it located on a corner of the property. This house was so located in about 1927 and Clara Morgan Alexander lived there until her death in 1961. Clara Morgan Alexander left no husband or child surviving her. The complainant testified that his sister Clara requested permission of him to locate the house on the property. Complainant gave this permission and helped Clara to move the house. There is no testimony to the effect that Clara Morgan Alexander lived on the property other than by permission of the complainant.

The proof established that complainant paid a $300.00 debt owing on the property at the time his parents died. Complainant has, since the death of his parents, rebuilt the home on the property. Evidence was presented that people with knowledge of the property treated it as belonging to complainant.

In 1967 complainant went to one Hal Wallace and offered to sell him a portion of the property. Hal Wallace requested that complainant have his sister Daisy Morgan Dillard sign the deed. Daisy Morgan Dillard refused to sign unless she received ''a part'' or ''her part''. Complainant refused to pay her any amount because he felt she did not have a part. This lawsuit was then filed to vest title in complainant. This claim by Daisy Morgan Dillard in 1967 was the first and only claim asserted by any co-tenant prior to the filing of suit.

■■ The assignment of error that the evidence preponderated against the verdict of the jury is not well

taken because this Court on appeal will not weigh the evidence to determine the preponderance. The foregoing rule is applicable to suits in Chancery as well as at law. National Life & Accident Ins. Co. v. Yates (1933) 16 Tenn.App. 344, 64 S.W.2d 524. Assignment of Error III is therefore overruled.

"The doctrine of presumption of title rests upon the simple fact of long-continued use and enjoyment, and requires no aid from 'color of title.' Possession of land is prima-facie evidence of title; the law supposes that it had a legal origin, and when undisturbed for the period of twenty years, it becomes, in view of the law, an assurance of title of no less force or efficacy than the actual grant whose place it supplies. The presumption is not founded upon the idea that as a matter of fact a grant once existed, nor is it aided by the fact that the possession may have been held under some defective form of assurance: it rests alone upon a principle of public policy, to quiet the title of those who can show no other title than long-continued possession and use." Cannon v. Phillips (1854) 34 Tenn. 211 at 214.

Defendants insist the foregoing doctrine of title by prescription is unavailable to the complainant because the complainant does not show actual notice of his claim to the other co-tenants, and there is no proven act which would constitute an ouster, so as to set up the adverse possession in complainant as against the other tenants in common.

"The general principle is that there is a relation of trust between tenants in common, each having an equal right of entry and possession, and the possession of one is to be taken as a possession of all so that one's posses-

sion cannot be adverse to the others until there is a disseizin by him of the others by actual ouster.'' Eckhardt v. Eckhardt (1957) 43 Tenn.App. 1, 305 S.W.2d 346 at 347, and cases therein cited.

We agree the proof does not show an actual ouster of the co-tenants which is essential to establish a title claimed by adverse possession. However, it remains to be determined if the complainant made out a title by prescription or twenty years exclusive and uninterrupted possession.

In the *Eckhardt case,* supra, the Court speaking through Judge Felts found there was not sufficient proof of an ouster or any act by the tenant in common which would amount to actual notice to his co-tenants that he was holding adversely to them, and the possession in that case was not under a registered assurance of title. The only proof was that one tenant in common held the exclusive and uninterrupted possession of the land for a period of more than twenty years with no accounting to his co-tenants. In discussing the applicability of the doctrine of title by prescription the Court stated:

''So, while she failed to make out her title to this lot by adverse possession under our statute of limitations, we think she did make out her title by prescription or 20 years exclusive and uninterrupted possession. Under the above authorities, she could tack her husband's possession to her own, and the two of them had exclusive and uninterrupted adverse possession for more than 20 years, claiming the entire interest, taking the whole rents and profits, without accounting to the co-tenants. This was sufficient to warrant a finding of title in her under a grant that had been lost.

In the leading case of Marr's Heirs v. Gilliam, supra, 41 Tenn. 500, the Court fully discussed the doctrine of title by adverse possession under our statute of limitations and also the doctrine of title by prescription or lost grant. After pointing out that there must be a 'notorious act of ouster' by one tenant of the others, before the act of limitations will operate against the others, the Court said:

'It is, however, well settled that the exclusive and uninterrupted possession by one tenant in common of land for a great number of years—say for twenty or more—claiming the same as his own, without any account with his co-tenants, or claim on their part,— they being under no disability to assert their rights, —becomes evidence of a title to such sole possession, and the jury are authorized to presume a release, an ouster, or other thing necessary to protect the possessor; and the action of ejectment by his co-tenants, in such case, is barred.

This presumption is an inference of fact to be drawn by the jury, to whom the evidence is to be submitted.' (citing cases, 41 Tenn. 501).

'Upon the same ground, a grant from the State, a release of an equity of redemption, the payment of a bond, etc., are presumed. But it may be rebutted by the infancy or coverture of the plaintiffs, or by the intervention of a particular estate, the relation of the parties, or other facts showing that the possession was not adverse to the owner, but by his permission or indulgence, or as his tenant.' (41 Tenn. 501, 502).

Likewise in Drewery v. Nelms, supra, 132 Tenn. 262, 177 S.W. 948, the Court discussed the doctrine of adverse possession, and, having done so said:

'A presumption of title in such cases may also arise, upon the same ground that a grant from the state is presumed, by an exclusive and uninterrupted possession of the land by one tenant in common for 20 or more years, claiming the same as his own, without any recognition of his cotenants or claim upon their part.

'This is an inference of fact which may de deduced from the whole proof on the subject. This presumption arises independent of the statute of limitations. It may be rebutted by the infancy or other disability of the parties, their actual relationship, or other facts showing the possession was not adverse but by the indulgence, permission, or as tenant of the owner.' 132 Tenn. 262, 177 S.W. 948.

To the same effect: Hubbard and Wood v. Wood's Lessee, 33 Tenn. 279, 286; Hilton v. Duncan, 41 Tenn. 313, 318-319; Morelock v. Bernard, 83 Tenn. 169, 178; Burns v. Headerick, 85 Tenn. 102, 107, 2 S.W. 259, 261; Townsend, Tenancy in Common in Tennessee, 24 Tenn. L.Rev. 853, 855-856.''

The foregoing authority is determinative of the present lawsuit. See also Hill v. Hill (1966) 55 Tenn.App. 589, 403 S.W.2d 769.

■ The rule applicable to verdicts in jury trials in Chancery is the same as that in actions at law. The findings of the jury, approved by the Chancellor, are binding upon the appellate court if there is any material evidence

in support thereof. Schlicklin v. Georgia Conf. Ass'n (1961) 49 Tenn. App. 412 at 478-479, 355 S.W.2d 469.

■ ■ There was ample material evidence as herein outlined upon which to base the two findings of fact as made by the jury. With those findings of fact established it results that the complainant has perfected his title by prescription based upon twenty years exclusive and uninterrupted possession. Assignments of Error I and II are therefore overruled.

■ The defendants claim the Chancellor erred in not granting a new trial based upon newly discovered evidence. In support of this motion the defendants filed the affidavit of one L. T. Hobson wherein the affiant stated that Clara Morgan Alexander lived in a house on the property from about 1927 until her death. An affidavit of defendant Daisy Morgan Dillard was filed to the effect she did not know L. T. Hobson had this information at the time of trial, and that L. T. Hobson had such knowledge as would demonstrate that the complainant did not exercise exclusive and uninterrupted possession of the premises in question. Neither affidavit stated the facts which Hobson knew except the fact that Clara Morgan Alexander lived on the premises for the time stated. That fact was put in evidence at the trial and the testimony of Hobson would have been cumulative only.

■ The Chancellor will not be reversed due to his refusal to grant a new trial based on newly discovered evidence which is merely cumulative. Courtesy Cab Co. v. Keck (1968) 59 Tenn.App. 309, 440 S.W.2d 610. Assignment of Error IV is therefore overruled.

It results all Assignments of Error are overruled and the decree of the Chancellor is affirmed. Cost in the

Chancery Court to be as there adjudged; cost in this Court is adjudged against the defendants.

Carney P. J. (W.S.), and Taylor, J., concur.