IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
AUGUST 27, 2001 Session

STATE OF TENNESSEE, ON RELATION OF THE COMMISSIONER OF
THE DEPARTMENT OF TRANSPORTATION, FOR AND ON BEHALF
OF SAID DEPARTMENT v. FRANCES H. PATRICK and FRANK
DUNCAN

Direct Appeal from the Circuit Court for Hardin County
No. 3231; The Honorable C. Creed McGinley, Judge

No. W2001-00397-COA-R3-CV - Filed December 27, 2001

This appeal involves the owner of an undivided five-sixths interest in property acquiring the remaining one-sixth interest from her co-tenants under the doctrine of title by prescription. The circuit court made finding of facts indicating that the prescriptive holder of the property held the property exclusively and uninterrupted for more than a twenty year period. Further, the circuit court found that no co-tenants were under a disability to assert their rights during the twenty year period and that no permission was given to the prescriptive holder to possess the property. Based on these findings of fact, the circuit court ruled that under the doctrine of title by prescription, the prescriptive holder had acquired full title in the property. For the following reasons, we affirm the decision of the circuit court.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Dennis W. Plunk, Savannah, TN, for Appellants

Coburn Dewees Berry, Kristin J. Hazelwood, Nashville, TN, for Appellee

**OPINION**

**Facts and Procedural History**

On December 10, 1999, the State of Tennessee, on relation of the Commissioner of the Department of Transportation (the State), petitioned the Circuit Court of Hardin County, Tennesse for condemnation of certain real property to be used for constructing a highway. The petition listed the record owners of the property as Frances H. Patrick and Frank Duncan. Not knowing the current addresses of the record owners, the State published notice of the petition in a local newspaper.

On April 14, 2000, Ms. Patrick filed an answer to the State's petition. In her answer, Ms. Patrick indicated that Mr. Duncan died in 1958. In addition, Ms. Patrick alleged that she was the sole owner of the property at issue. On April 17, 2000, ten heirs of Mr. Duncan (Duncan's heirs)[1] also filed an answer to the petition. Duncan's heirs alleged in their answer that a deed to the property, dated November 10, 1945, acknowledged Frank Duncan as the owner of an undivided one-sixth interest in the property. Appellants further asserted that through descent and distribution eighteen heirs of Frank Duncan owned his one-sixth interest.

Pursuant to the State's power of eminent domain, the circuit court entered an order of condemnation and appropriation on April 18, 2000, which vested title to the property in the State. The court, however, failed to determine the true previous owners of the property. Accordingly, a hearing in circuit court was held on December 19, 2000 to make that determination.

At the hearing to determine ownership, Ms. Patrick initially argued that she had acquired sole ownership of the property through the doctrines of both adverse possession and title by prescription. Being unable to prove actual "ouster" as required under the theory of adverse possession, however, Ms. Patrick conceded at trial that adverse possession was inapplicable. Accordingly, Ms. Patrick proceeded solely under the doctrine of title by prescription.

The circuit court determined Ms. Patrick to be the sole previous owner of the property through application of the doctrine of title by prescription and thus, she was entitled to receive the entire condemnation award. In the final judgment, the circuit court indicated its finding of facts and conclusions of law. The court made the following finding of facts:

1.      By deed dated November 10, 1945 . . . Frances H. Patrick acquired a five sixths undivided interest in and to the subject property. The remaining one-sixth undivided interest was then owned by Frank Duncan.

2.      Since the date of said deed, Frances H. Patrick has been in exclusive and uninterrupted possession of the subject property. Frances H. Patrick has exercised all incidents of ownership. She - or her husband and son on her behalf - have farmed said property, collected rents, made repairs, paid taxes, sold timber, applied for

---

[1] The following ten heirs of Frank Duncan joined in the answer: Polly N. Cloud, Maxine Duncan, Ruth R. Briley, Mary E. Wilkerson, Patsy Ann Caperton, Betty D. Coleman, Bertha Rhea Tobey, Mary L. Jerrolds, Dorthy Jean Kline, and Sandra Sue Sabourin. For clarity, they shall be referred to jointly as Duncan's heirs.

government programs, and sold off parcels. Frances H. Patrick has exercised all such incidents of ownership without any accounting to or permission from Frank Duncan or those claiming under him.

3.      The Court is not satisfied that Frank Duncan was mentally competent. Nevertheless, the proof does establish that since Frank Duncan's death in 1958 there has been a period of twenty years or more during which no co-tenant of Frances H. Patrick was under a disability to assert his or her rights in and to said property.

Based on these findings of fact, the court indicated its conclusions of law. Specifically, the court held that Ms. Patrick had acquired sole ownership in the subject property under the doctrine of title by prescription.

## Issue

Duncan's heirs raise the following issue for review:

Whether the trial court erred in holding that Ms. Patrick acquired the one-sixth undivided interest in the subject property originally owned by Mr. Duncan under the doctrine of title by prescription.

## Standard of Review

When a civil action is heard by a trial judge sitting without a jury, our review of the matter is *de novo* on the record, accompanied by a presumption of correctness of the findings below. Foster v. Bue, 749 S.W.2d 736, 741 (Tenn. 1988); T.R.A.P. 13(d). We may not reverse the findings of fact made by the trial judge unless they are contrary to the preponderance of the evidence. Jahn v. Jahn, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). This presumption of correctness, however, does not attach to the trial judge's legal determinations or the trial court's conclusions that are based on undisputed facts. NCNB Nat'l Bank v. Thrailkill, 856 S.W.2d 150, 153 (Tenn. Ct. App. 1993).

## Law and Analysis

The recognition of the doctrine of title by prescription in Tennessee can be traced to an often cited opinion issued by the Tennessee Supreme Court in 1860. In Marr v. Gilliam, 41 Tenn. 488, 501 (Tenn. 1860), the supreme court stated:

It is, however, well settled that the exclusive and uninterrupted possession by one tenant in common of land for a great number of years - say for twenty or more - claiming the same as his own, without any account with his co-tenants, or claim on their part, - they being under no disability to assert their rights, - becomes evidence of a title to such sole possession, and the jury are authorized to presume a release, an ouster, or other thing necessary to protect the possessor, and the action of ejectment by his co-tenants, in such, case, is barred.

This presumption is an inference of fact to be drawn by the jury, to whom the evidence is to be submitted.

Tennessee courts, relying on Marr and its progeny, have stated two requirements necessary for application of the doctrine of prescription. We feel compelled to note at the outset, that actual "ouster" is *not* one of the requirements that need be proven by the prescriptive holder as with the doctrine of adverse possession. Morgan v. Dillard, 456 S.W.2d 359, 362-63 (Tenn. Ct. App. 1970). Instead, the co-tenant alleging title by prescription must first show exclusive and uninterrupted possession of the land in question for a continuous period of twenty years or more. Id. at 363 (citations omitted). The prescriptive holder can show such possession by proving no accounting was made to the other co-tenants. Id. Second, the party must also show that none of the co-tenants were under a disability to assert their rights to the property. Levesay v. Keaton, 611 S.W.2d 581, 584 (Tenn. Ct. App. 1980). By showing that these elements are present, the party promoting application of the doctrine of title by prescription is entitled to a presumption of title in the property. The finder of fact can then rely on that presumption in granting the prescriptive holder full title to the property.

The presumption created under the doctrine of prescription, however, may be rebutted by a showing that either actual or implied permission to possess the property was given to the prescriptive holder by the other co-tenants. Morgan, 456 S.W.2d at 363. Such permission, either actual or implied, would negate the requirement that the prescriptive holder's possession was actually in opposition to his fellow co-tenants' rights in the property. Accordingly, although actual "ouster" does not have to be proven, a showing that permission was given causes the presumption in favor of the prescriptive holder to fall.

Here, both parties agree that Ms. Patrick maintained exclusive and uninterrupted possession of the property at issue for more than twenty years. (Appellant's Brief, p. 7) Duncan's heirs, however, raise two potential points of error with regard to the factual findings made by the circuit court. First, Duncan's heirs assert that Ms. Patrick failed to prove at trial that none of the co-tenants were under a disability to assert their rights. Second, Duncan's heirs assert that implied permission was given to Ms. Patrick by her co-tenants to use the property to her sole advantage.

With regard to Duncan's heirs first alleged point of error, we hold that the circuit court did not err in finding that adequate proof was offered to show that none of the co-tenants were under a disability to assert their rights. Sworn responses to interrogatories were entered into evidence indicating that none of Duncan's heirs were under a disability. The interrogatories provided the birth dates of all Duncan's heirs and a statement indicating that none of the heirs were mentally incompetent.

One interrogatory alleged that Mr. Duncan himself suffered from mental deficiencies. In accordance with this allegation, the circuit court made a finding of fact that Mr. Duncan was not competent at the times relevant to this appeal. Duncan's heirs have argued that this finding of fact precluded the court from determining that all elements necessary for the doctrine of title by prescription were present. This finding of fact, however, has no consequence to the circuit court's ruling. Given the sworn proof offered, the circuit court also found that since Frank Duncan's death there had been a period of twenty years or more during which none of Duncan's heirs were under

a disability to assert their rights to the property. Duncan's heirs offered no proof to contest this evidence and we find no evidence in the record indicating otherwise. Thus, because the preponderance of evidence is not contrary to the court's findings, we hold Duncan's heirs' first alleged point of error to be without merit.

With regard to Duncan's heirs second alleged point of error, we hold that the circuit court did not err in finding that no permission, actual or implied, was given to Ms. Patrick by her co-tenants to possess or exercise incidents of ownership of the property. Both parties agree that no actual permission was given to Ms. Patrick. Accordingly, the focus of our review will extend only to determining the issue of implied consent.

The only evidence offered in support of Duncan's heirs' contention that implied permission was given concerned negotiations made at the time Ms. Patrick purchased her five-sixth interest in the property. In a sworn response to an interrogatory filed in the matter, Ms. Patrick indicated that oral promises were made at the time of purchase by the siblings of Mr. Duncan that they would make no claim on the property in the future. Further, Ms. Patrick stated that they indicated a desire to sell any rights they had in the property.

This evidence, however, does not amount to the preponderance required to find that the circuit court erred in its finding of fact when looking at the entire record. When taken in context, Ms. Patrick, in her response to the interrogatory, also indicated that she made it clear to all involved that she would claim sole ownership of the property. Further, Ms. Patrick's son, Herb Patrick, testified that Ms. Patrick never received permission to collect rents, sell crops, sell off tracts, sell timber on the property, or participate in government programs. According to Herb Patrick's testimony, the lack of permission centered around all the significant incidents of ownership concerning the property. Accordingly, when viewing the entire record, we hold that the trial court did not err in finding that no implied permission was given to Ms. Patrick to possess or exercise incidents of ownership of the property.

**Conclusion**

For the foregoing reasons, the decision of the circuit court is affirmed. Costs of this appeal are taxed against the Appellants, Duncan's heirs, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE