# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 19, 2006 Session

## DALE ANTHONY SCOTT, ET AL. v. MARION YARBRO, ET AL.

**An Appeal from the Chancery Court for Decatur County**
**No. 3325    Ron E. Harmon, Chancellor**

**No. W2005-02830-COA-R3-CV - Filed January 19, 2007**

This is the second appeal of a property case involving the ownership of three parcels of real property held by tenants-in-common. We dismissed the first appeal for lack of jurisdiction, finding that the trial court's order did not constitute a final judgment. On remand, the trial court entered a supplemental decree. After reviewing the record and the supplemental decree, we find that there is still not a final appealable judgment. We must, therefore, dismiss this second appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed.**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

J. Michael Ivey, Parsons, Tennessee, for Plaintiffs/Appellants Dale Anthony Scott, et al.

Lloyd R. Tatum, Henderson, Tennessee, for Defendants/Appellees Marion Yarbro, et al.

Tommy E. Doyle, Linden, Tennessee, for Defendant/Appellee Henry Yarbro.

## OPINION

This property case is on appeal to this Court for the second time. *See Scott v. Yarbro*, No. W2004-00746-COA-R3-CV, 2005 WL 1412128 (Tenn Ct. App. June 15, 2005). The underlying facts and a pertinent procedural history were set forth in our previous opinion:

> This [case] concerns the ownership of a parcel of real property ("the Farm") located in Decaturville, Decatur County, Tennessee. Dover Scott ("Decedent") was one of six children who inherited a one-sixth (1/6th) interest in the Farm following his father's death. Thereafter, Decedent purchased the interests of other relatives in the Farm giving him title to a significant portion of the Farm at his death. Decedent died on May 27, 1999, survived by his four sons (collectively referred to as the "Decedent's Children" or "[Plaintiff/]Appellants"). At issue in the trial court below

were three parcels of real property encompassing the Farm; a 1.2 acre tract, a 3.1 acre tract, and a 188 acre tract. The Decedent's Children inherited the Decedent's interest in the Farm, represented by deeds he obtained during his lifetime, however, they contend that they also obtained title to the remaining land encompassing the Farm. Numerous relatives of the Decedent's Children are co-tenants (hereinafter "Defendants" or "Appellees") in the remainder of the Farm and assert their interest to the property as well.

The facts are largely undisputed, and they are set forth in a "Stipulation of Facts" entered into between the parties. From 1953 until his death in 1999, Decedent lived on the Farm with the Appellants in a house built in the 1930's, farmed the land and retained the profits therefrom, rented portions of the Farm to other tenants and retained the rent proceeds, paid the expenses for the Farm, made improvements to the Farm, and paid the property taxes on the Farm since 1966. After Decedent and his family took possession of the Farm in 1953, none of the other co-tenants lived on the Farm, paid for any of the expenses related to maintaining the Farm, shared in the profits generated by the Farm, or contributed to the payment of the property taxes. During the course of his occupancy, Decedent executed three mortgages identifying his interest in the Farm as a "5/12ths interest." Decedent never discussed the status of the Farm with the other co-tenants, and he never expressly stated that he considered himself to be the sole owner of the Farm.

On April 5, 2002, the Decedent's Children filed a complaint in the Chancery Court of Decatur County against the other co-tenants. In the complaint, the Decedent's Children requested a judgment allowing them to "recover from Defendants jointly and severely [sic] damages which may be shown by proof to have been sustained by the Plaintiffs for Defendants' wrongfully [sic] and intentional trespassing." Additionally, the Decedent's Children asserted that they obtained title to the Farm by adverse possession pursuant to section 28-2-101 *et seq.* of the Tennessee Code and/or the co-tenants' failure to pay the property taxes due on the Farm pursuant to section 28-2-109 and section 28-2-110 of the Tennessee Code. The co-tenants subsequently answered the complaint and filed their counterclaims against the Decedent's Children and cross-claims against each other asserting a right to partition the property pursuant to section 29-27-101 and section 29-27-201 of the Tennessee Code. Thereafter, each party submitted a "Memorandum of Law" to the trial court. In their "Memorandum of Law," the Decedent's Children, in addition to the adverse possession and property tax theories of ownership asserted in their complaint, also asserted ownership of the Farm based on common law prescription.

*Yarbro*, 2005 WL 1412128 at *1 (footnotes omitted).

Prior to the first appeal, the trial court entered a "Decree" in which the trial court found that the Plaintiffs/Appellants Decedent's Children had proven an ouster as to the 1.2 acre and 3.1 acre tracts, but not as to the 188 acre tract. The trial court ordered that the 188 acre tract be sold for partition and that the proceeds be distributed among the parties according to their respective

interests. The Decedent's Children filed an appeal from this order, asking this Court to determine whether they obtained title to the 188 acre tract by adverse possession, common law prescription, or pursuant to Tennessee Code Annotated §§ 28-2-109 and 28-2-110.

On June 15, 2005, this Court filed a "Memorandum Opinion" dismissing the first appeal for lack of appellate jurisdiction and remanding the case to the trial court for further proceedings. We determined that the original decree was not a final judgment. This holding was based in part on the fact that the trial court had not addressed the claim of trespass, once it determined that the Decedent's Children gained title to the 1.2 and 3.1 acre tracts. *Yarbro*, 2005 WL 1412128 at *3-4. We noted as well that the trial court, in determining that the Decedent's Children did not gain title to the 188 acre tract, made no findings of fact or conclusions of law, and did not address any particular theory of achieving title, finding only that the Decedent's Children failed to prove an "ouster." *Id.* at *4 n.8. Further, we observed that, while the common law prescription theory of ownership was not alleged in the original or amended complaints, it had likely been tried by express or implied consent under Rule 15.02 of the Tennessee Rules of Civil Procedure. *Id.* at *4 n.7. The cause was remanded to the trial court.

On remand on November 18, 2005, the trial court entered a "Supplemental Final Decree." The supplemental decree provides:

> IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:
> 1. That fee simple to the 3.1 acre tract . . . and the 1.2 acre tract . . . is vested in [Plaintiffs] because the co-tenant[s]/defendants failed to pay the property taxes for a period of twenty years and further these tracts were assessed to Dover Scott, as required by T.C.A. 28-2-109 and 28-2-110; that the Plaintiffs failed to acquire title to the 180 [sic] acre tract under the same theory because the property was assessed to the "W.L. Scott Heirs", not just Dover Scott, as required by said statute . . .
> 2. The Court feels that the only theories presented by the Plaintiffs under the above statutes and tried by this Court were the theories of ouster and gaining title, due to the co-tenant's failure to pay the taxes on the property; however, even if, for purposes of argument, these Plaintiff's theories were raised by implied consent of the Defendants, Plaintiffs failed to prove adverse possession. . . .
> 3. That because the written Stipulation of Facts did not address the issues of trespass and trespass damages, these issues are hereby dismissed; and this is declared to be a Final Judgment within the meaning of Rule 54.02 of the Tennessee Rules of Civil Procedure.

From this order, the Decedent's Children again appeal, asking this Court to determine whether they obtained title to the 188 acre tract by common law prescription, adverse possession, or pursuant to Tennessee Code Annotated §§ 28-2-109 and 28-2-110.

The parties raise no issue on appeal about whether the trial court's supplemental decree constitutes a final, appealable judgment. However, because the issue is jurisdictional, we find that

we must once again do so. "This Court may *sua sponte* review the record on appeal to determine if we properly have jurisdiction." ***Huntington Nat'l Bank v. Hooker***, 840 S.W.2d 916, 922 (Tenn. Ct. App. 1991) (citing Tenn. R. App. P. 3(a)). Under Rule 3(a) of the Tennessee Rules of Appellate Procedure, "every final judgment entered by a trial court from which an appeal lies to the . . . Court of Appeals is appealable as of right." Tenn. R. App. P. 3(a) (2005). To constitute a final judgment, the judgment must adjudicate all the claims between the parties. ***See Rictor v. Halliburton***, No. M1999-02802-COA-R3-CV, 2003 WL 535924, at *2 (Tenn. Ct. App. Feb. 26, 2003) (citing ***Aetna Cas. & Sur. Co. v. Miller***, 491 S.W.2d 85 (Tenn. 1973)). Where "multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims . . . is not enforceable or appealable." Tenn. R. App. P. 3(a) (2005). In appropriate circumstances, a trial court may expressly direct the entry of a final judgment as to fewer than all of the claims, pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[1]

We first address whether all issues between the parties were resolved in the trial court below. As indicated above, the original decree did not address any particular theory of ownership, stating only that Decedent's Children failed to prove an ouster as to the 188 acre tract. In the supplemental decree entered on remand, rather than relying on "ouster," the trial court found that the Decedent's Children failed to acquire title to the 188 acre tract of land "because the property was assessed to the 'W.L. Scott Heirs', not just Dover Scott, as required by [T.C.A. §§ 28-2-109 and 28-2-110]." Paragraph 2 of the supplemental decree then states:

> The Court feels that the only theories presented by the Plaintiffs under the above statutes and tried by this Court were the theories of ouster and gaining title, due to the co-tenant's failure to pay the taxes on the property; however, even if, for purposes of argument, these Plaintiff's theories were raised by implied consent of the Defendants, Plaintiffs failed to prove adverse possession.

Reading the supplemental decree as a whole, it is clear that the trial court decided against the Decedent's Children on the property tax theory of ownership, and we can infer as much regarding the claim of adverse possession. Giving all reasonable inferences to the language of the order, however, we cannot find that this order addresses the separate claim of common law prescription.

---

[1]Rule 54.02 of the Tennessee Rules of Civil Procedure reads as follows:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, . . . the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02 (2005).

A claim of common law prescription is separate from and independent of a claim of adverse possession. Unlike the doctrine of adverse possession, actual "ouster" is not a requirement of common law prescription. *See Morgan v. Dillard*, 456 S.W.2d 359, 362-63 (Tenn. Ct. App. 1970); *see also Eckhardt v. Eckhardt*, 305 S.W.2d 346, 347-49 (Tenn. Ct. App. 1957). As stated in *Brown v. Daly*, 968 S.W.2d 814, 817 (Tenn. Ct. App.1997), the elements necessary to establish title by prescription are:

> (1) The prescriptive holder has been in exclusive and uninterrupted possession of the land in question for more than 20 years, claiming the same as his own without any accounting to his co-tenants or claim on their part-they being under no disability to assert their rights.
> (2) The holder's occupancy of the property in question was without the actual or implied permission of the other co-tenants.

*Id.* (citing *Livesay v. Keaton*, 611 S.W.2d 581, 583 (Tenn. Ct. App. 1980)). Therefore, a finding that the Decedent's Children failed to prove either adverse possession or ouster is not dispositive of a claim based on common law prescription.

In the record on appeal, the Decedent's Children asserted the theory of common law prescription in their memorandum of law to the trial court. Moreover, from our review of the transcript, it also appears that this theory of ownership was argued to the trial court. In this appeal, the primary argument set forth by the Decedent's Children is based on common law prescription, and the Defendants/Appellees do not take the position that the issue was not raised in the trial court below. Under all of these circumstances, we must conclude that not all of the claims between the parties were resolved in the trial court below.

In its supplemental decree, the trial court also stated as follows: ". . .[T]his is declared to be a Final Judgment within the meaning of Rule 54.02 of the Tennessee Rules of Civil Procedure." A judgment which adjudicates fewer than all of the claims asserted by the parties may nevertheless be made final and appealable pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In order to so, the trial court must make an "express determination that there is no just reason for delay." Tenn. R. Civ. P. 54.02. Under Rule 54.02, without such a determination, "any order or other form of decision, however designated, that adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties." Tenn. R. Civ. P. 54.02. No such determination was made by the trial court below. Therefore, we must conclude that the matter has not been made final and appealable pursuant to Rule 54.02.

In some circumstances, we might remand the case to the trial court for "an express determination" on whether there is "no just reason for delay" and for direction for the entry of judgment, and for reasons of judicial economy, hold the appeal in abeyance in the interim. In this case, however, it is apparent that it would be inappropriate for this Court to consider the appeal without a determination below on the claim by the Decedent's Children of ownership of the 188 acre tract based on common law prescription, particularly in the absence of express findings of fact and

conclusions of law. *See also Estate of McCraw v. Likins*, No. W2004-01172-COA-R3-CV, 2005 WL 1522024, at \*3 (Tenn. Ct. App. June 24, 2005) (ruling that the trial court erred in finding that there was "no just reason for delay" and that the entry of final judgment under Rule 54.02 was improvidently granted).  In this case, if this Court affirmed the ruling below as to the 188 acre tract on the theories addressed by the trial court, the matter would still have to be remanded for a determination on common law prescription.  Therefore, at this juncture, the case is not suitable for a simple entry of final judgment under Rule 54.02.

Therefore, with reluctance, we are compelled to once again dismiss the appeal and remand the case to the trial court, in the hope that on remand, express findings of fact and conclusions of law will be made regarding all theories of ownership asserted by the Decedent's Children as to the 188 acre tract, including common law prescription.

This case is dismissed for lack of jurisdiction.  Costs of this appeal are assessed against Appellants Dale A. Scott, Michael R. Scott, Danny R. Scott, and Terry E. Scott, and their surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE