IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SEPTEMBER 17, 2008 Session

**DALE ANTHONY SCOTT, ET AL. v. MARION YARBRO, ET AL.**

**Direct Appeal from the Chancery Court for Decatur County**
**No. 3325     Ron E. Harmon, Chancellor**

_____

**No. W2008-00090-COA-R3-CV - Filed October 15, 2008**

_____

This is the third appeal of this property case involving the ownership of three parcels of real property held by tenants-in-common. We dismissed the first two appeals for lack of jurisdiction, finding that the trial court's order did not constitute a final judgment. Plaintiffs/Appellants claim ownership of the disputed tract by three modes: (1) title by prescription, (2) title by adverse possession, and (3) title by payment of property taxes pursuant to Tenn. Code Ann. §§ 28-2-109 and 29-2-110. Finding that Plaintiffs/Appellants have failed to meet their burden to prove ownership based upon any of the three theories, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

J. Michael Ivey, Parsons, TN, for Appellants

Lloyd R. Tatum, Henderson, TN, for Appellees
Tommy E. Doyle, Linden, TN, for Appellees

**OPINION**

This property case is on appeal to this Court for the third time. *See Scott v. Yarbro*, No. W2004-00746-COA-R3-CV, 2005 WL 1412128 (Tenn Ct. App. June 15, 2005) ("*Scott I*"); *Scott v. Yarbro*, No. W2005-02830-COA-R3-CV, 2007 WL 121425 (Tenn. Ct. App. Jan. 19, 2007) ("*Scott II*"). The underlying facts and pertinent procedural history were set forth in *Scott I*, and are as follows:

> This [case] concerns the ownership of a parcel of real property ("the Farm") located in Decaturville, Decatur County, Tennessee. Dover Scott ("Decedent") was one of six children who inherited a one-sixth (1/6th) interest in the Farm following his father's death. Thereafter,

Decedent purchased the interests of other relatives in the Farm giving him title to a significant portion of the Farm at his death. Decedent died on May 27, 1999, survived by his four sons (collectively referred to as the "Decedent's Children" or "[Plaintiff/] Appellants"). At issue in the trial court below were three parcels of real property encompassing the Farm; a 1.2 acre tract, a 3.1 acre tract, and a 188 acre tract. The Decedent's Children inherited the Decedent's interest in the Farm, represented by deeds he obtained during his lifetime, however, they contend that they also obtained title to the remaining land encompassing the Farm. Numerous relatives of the Decedent's Children are co-tenants (hereinafter "Defendants" or "Appellees") in the remainder of the Farm and assert their interest to the property as well.

The facts are largely undisputed, and they are set forth in a "Stipulation of Facts" entered into between the parties. From 1953 until his death in 1999, Decedent lived on the Farm with the Appellants in a house built in the 1930's, farmed the land and retained the profits therefrom, rented portions of the Farm to other tenants and retained the rent proceeds, paid the expenses for the Farm, made improvements to the Farm, and paid the property taxes on the Farm since 1966. After Decedent and his family took possession of the Farm in 1953, none of the other co-tenants lived on the Farm, paid for any of the expenses related to maintaining the Farm, shared in the profits generated by the Farm, or contributed to the payment of the property taxes. During the course of his occupancy, Decedent executed three mortgages identifying his interest in the Farm as a "5/12ths interest." Decedent never discussed the status of the Farm with the other co-tenants, and he never expressly stated that he considered himself to be the sole owner of the Farm.

On April 5, 2002, the Decedent's Children filed a complaint in the Chancery Court of Decatur County against the other co-tenants. In the complaint, the Decedent's Children requested a judgment allowing them to "recover from Defendants jointly and severely [sic] damages which may be shown by proof to have been sustained by the Plaintiffs for Defendants' wrongfully [sic] and intentional trespassing." Additionally, the Decedent's Children asserted that they obtained title to the Farm by adverse possession pursuant to section 28-2-101 et seq. of the Tennessee Code and/or the co-tenants' failure to pay the property taxes due on the Farm pursuant to section 28-2-109 and section 28-2-110 of the Tennessee Code. The co-tenants subsequently

answered the complaint and filed their counterclaims against the Decedent's Children and cross-claims against each other asserting a right to partition the property pursuant to section 29-27-101 and section 29-27-201 of the Tennessee Code. Thereafter, each party submitted a "Memorandum of Law" to the trial court. In their "Memorandum of Law," the Decedent's Children, in addition to the adverse possession and property tax theories of ownership asserted in their complaint, also asserted ownership of the Farm based on common law prescription.

*Scott I*, 2005 WL 1412128 at *1 (footnotes omitted).

The procedural history of the case prior to the instant appeal is set out in *Scott II*:

Prior to the first appeal, the trial court entered a "Decree" in which the trial court found that the Plaintiffs/Appellants Decedent's Children had proven an ouster as to the 1.2 acre and 3.1 acre tracts, but not as to the 188 acre tract. The trial court ordered that the 188 acre tract be sold for partition and that the proceeds be distributed among the parties according to their respective interests. The Decedent's Children filed an appeal from this order, asking this Court to determine whether they obtained title to the 188 acre tract by adverse possession, common law prescription, or pursuant to Tennessee Code Annotated §§ 28-2-109 and 28-2-110.

On June 15, 2005, this Court filed a "Memorandum Opinion" dismissing the first appeal for lack of appellate jurisdiction and remanding the case to the trial court for further proceedings. We determined that the original decree was not a final judgment.... We noted as well that the trial court, in determining that the Decedent's Children did not gain title to the 188 acre tract, made no findings of fact or conclusions of law, and did not address any particular theory of achieving title, finding only that the Decedent's Children failed to prove an "ouster." *Id.* at *4 n. 8. Further, we observed that, while the common law prescription theory of ownership was not alleged in the original or amended complaints, it had likely been tried by express or implied consent under Rule 15.02 of the Tennessee Rules of Civil Procedure. Id. at *4 n. 7. The cause was remanded to the trial court. Following the remand in *Scott I*, the trial court entered a "Supplemental Final Decree" on November 18, 2005. In *Scott II*, this Court determined that the November 18, 2005 Order did not constitute a final judgment as to the issue of common-law prescription on the 188-acre tract and the case was again remanded.

***Scott II***, 2007 WL 121425, at *5. Upon remand, the trial court entered a third decree, which was filed on December 6, 2007. The Final Decree reads, in relevant part, as follows:

6. There is no proof in the Stipulations of Fact or in the record that Dover Scott's occupancy of the property in question was without the actual or implied permission of the other co-tenants. To the contrary...the Stipulations of Fact state[] "that Dover Scott, or his children, the Plaintiffs herein, never mentioned anything about the status of the farm to the other co-tenants owners."

\*        \*        \*

Because there is no proof in the Stipulations of Fact or in the record that Dover Scott's occupancy of the property in question was without the actual or implied permission of the other co-tenants, the Court finds that the Plaintiffs fail[] to satisfy that part of the elements necessary to establish title by prescription....

Also, because there is no proof in the Stipulations of Fact or in the record on the issue of disability in general and in particular no proof that all of these Defendants were under no disability to assert their rights, the Plaintiffs also fail to prove this element necessary to establish title by prescription.

\*        \*        \*

Therefore, the Plaintiffs failed to prove the elements necessary to establish a claim under the doctrine of title by prescription.

This is declared a Final Judgment within the meaning of rule 54.02 of the Tennessee Rules of Civil Procedure and the Court makes an expressed determination that there is no just reason for delay.

The children of Dover Scott appeal this (now) final decree and raise two issues for review as stated in their brief:

I. Whether the Plaintiffs have acquired title to the remaining interest of the property by prescription or adverse possession.

II. Whether the Plaintiffs have acquired title to the remaining interest of the property through T.C.A. §28-2-110 and/or T.C.A. §28-2-109.

-4-

Because this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm, absent error of law. ***See*** Tenn. R.App. P. 13(d). Furthermore, when the resolution of the issues in a case depends upon the truthfulness of witnesses, the trial judge who has the opportunity to observe the witnesses and their manner and demeanor while testifying is in a far better position than this Court to decide those issues. ***See McCaleb v. Saturn Corp.***, 910 S.W.2d 412, 415 (Tenn.1995); ***Whitaker v. Whitaker***, 957 S.W.2d 834, 837 (Tenn.Ct.App.1997). The weight, faith, and credit to be given to any witness' testimony lies in the first instance with the trier of fact, and the credibility accorded will be given great weight by the appellate court. ***See id.***; ***see also Walton v. Young***, 950 S.W.2d 956, 959 (Tenn.1997).

In this case, we are only concerned with the ownership of the 188-acre tract. Dover Scott's children claim title to this tract by three modes: (1) title by prescription, (2) title by adverse possession, and/or (3) title pursuant to Tenn. Code Ann. §§ 28-2-109 and 28-2-110. We will address each of these methods of obtaining title in order to determine whether Dover Scott's children have provided evidence sufficient to prove their claim.

### Title by Prescription

The law of title by prescription was recently discussed by this Court in ***Amos v. Taylor***, No. M2006-02170-COA-R3-CV, 2008 WL 1891443 (Tenn. Ct. App. April 28, 2008):

> "Title by prescription" is a mode of acquiring title to real property by "immemorial or long-continued enjoyment." ***Zetrouer v. Zetrouer***, 89 Fla. 253, 256, 103 So. 625, 627 (Fla.1925). The term "prescription" derives from the term "prescribe," which in the non-medical sense means to "assert a right or title to the enjoyment of a thing, on the ground of having hitherto had the uninterrupted and immemorial enjoyment of it." Black's Law Dictionary 4th Ed. Rev. (1968), p. 1345.
>
> The original theory underlying the right of title by prescription was that "the right claimed must have been enjoyed beyond the period of the memory of man, which for a long time in England went back to the time of Richard I." ***Zetrouer***, 103 So. at 627. Because proving "continued enjoyment" of the property back to the time of Richard I was becoming more problematic with the passage of time, a custom arose of "allowing a presumption of a grant" on proof of "usage for a long term of years." ***Id***.

-5-

The doctrine of title by prescription in Tennessee can be traced to the 1860 case of *Marr's Heirs v. Gilliam*, 41 Tenn. 488 (Tenn.1860). In that matter the Tennessee Supreme Court stated:

> It is ... well settled that the exclusive and uninterrupted possession by one tenant in common of land for a great number of years-say for twenty or more-claiming the same as his own, without any account with his co-tenants, or claim on their part,-they being under no disability to assert their rights,-becomes evidence of a title to such sole possession, and the [fact finder is] authorized to presume a release, an ouster, or other thing necessary to protect the possessor....

*Marr's Heirs*, 41 Tenn. at 501. As the Court of Appeals explained 110 years later, possession of land is prima-facie evidence of title and "the law supposes that it had a legal origin." *Morgan v. Dillard*, 456 S.W.2d 359, 362 (Tenn.Ct.App.1970). In Tennessee, such possession must remain "undisturbed for the period of twenty years," and if it does, the undisturbed possession becomes "an assurance of title of no less force or efficacy than the actual grant whose place it supplies." *Id*.

If a plaintiff can prove the requisite "long-continued use and enjoyment" of the property, a presumption of title by prescription arises. *Morgan v. Dillard*, 456 S.W.2d 359, 362 (Tenn.Ct.App.1970) (citing *Cannon v. Phillips*, 34 Tenn. 211, 214 (1854)) (emphasis added); *Brown v. Daly*, 83 S.W.3d 153, 159 (Tenn.Ct.App.2001) (quoting *Livesay v. Keaton*, 611 S.W.2d 581, 583 (Tenn.Ct.App.1980) (holding that if the party asserting title has proven both essential elements, "a presumption of title may arise in favor of the possessor of the land"). The "presumption" of title rests upon the simple fact of long-continued use and enjoyment. *Morgan*, 456 S.W.2d at 362. The presumption that results from the long-continued possession and use is not founded upon the idea that as a matter of fact a grant once existed, "it rests alone upon a principle of public policy, to quiet the title of those who can show no other title than long-continued possession and use." *Id*. (quoting *Cannon v. Phillips*, 34 Tenn. 211, 214 (Tenn.1854)).

The presumption of title, however, may be rebutted by evidence that the possession was by the permission or indulgence of

the other co-tenants. ***Walker v. Moore***, 745 S.W.2d 292, 295 (Tenn.Ct.App.1987); ***Morgan***, 456 S.W.2d at 363. It may also be rebutted by the fact one or more of the co-tenants were under a disability, such as the disability of minority during the requisite twenty year period. ***Walker***, 745 S.W.2d at 298. Moreover, "disabilities may accumulate to rebut the presumption, which is unlike the statute of limitations (the doctrine of adverse possession)." ***Id***. (citing ***Marr's Heirs v. Gilliam***, 41 Tenn. 488 (Tenn.1860)....

> To establish title by prescription between or among co-tenants, the parties asserting title must prove two elements. ***Brown v. Daly***, 83 S.W.3d 153, 157 (Tenn.Ct.App.2001); ***Livesay***, 611 S.W.2d at 583; Morgan, 456 S.W.2d at 361. First, the prescriptive holder must show exclusive and uninterrupted possession of the land in question for more than twenty years, during which time he must claim the same as his own without any accounting to his co-tenants or claim on their part. ***Livesay***, 611 S.W.2d at 583 (citing ***Morgan***, 456 S.W.2d at 361). Second, the party asserting title must also show that none of the co-tenants were under a disability to assert their rights to the property. ***Id.*** ... Both elements must be proven for the doctrine of title by prescription to apply. ***Brown***, 83 S.W.3d at 157 (quoting ***Livesay***, 611 S.W.2d at 583).... If one of the elements is not proven, then the doctrine is not applicable to the case. ***Livesay***, 611 S.W.2d at 584.

***Amos v. Taylor***, 2008 WL 1891443, at *4-5 (footnotes omitted).

The record contains no evidence that Dover Scott made any statements, or took any actions toward the other heirs indicating that he claimed full ownership of the disputed tract. Although there is no evidence that the Yarbros ever attempted to use the tract, the children of Dover Scott stipulate that they have no knowledge of the Yarbros ever being barred from going onto or otherwise using the disputed tract. In fact, in the three deeds of trust that Dover Scott executed, he asserts that he only owns an undivided 5/12ths interest in the farm: "This being the land owned by my father, Will Scott, at the time of his death, and which I inherited a 1/6th undivided interest by my sister...and which I was conveyed a 1/12 undivided interest by Paul Scott...." Furthermore, there is no proof in either the Stipulations of Fact, or in the record, on the issue of any disability of the Defendants. Based upon the evidence in record, we conclude that the children of Dover Scott have not met their burden to prove ownership of the 188-acre tract by prescription. Specifically, they have failed to show exclusive possession of the land, and have provided no evidence concerning the disability criterion. ***Livesay***, 611 S.W.2d at 583.

## Title by Adverse Possession

To establish title by adverse possession, there must be an occupation of the property under a claim of right or title which is open, actual, continuous, exclusive, adverse and notorious for the prescriptive period of 20 years. *Catlett v. Whaley*, 731 S.W .2d 544, 546 (Tenn.Ct.App.1987); *see also Tidwell v. Van Deventer*, 686 S.W.2d 899 (Tenn.Ct.App.1984). Adverse possession must be just that-adverse. This Court has held that, in order to be adverse, possession "must be of such a character as to leave no doubt of claim of ownership by adverse possession and to give notice to the public of the possession and the claim." *Blankenship v. Blankenship*, 658 S.W.2d 125, 127 (Tenn.Ct.App.1983). We have also held that the party claiming ownership by adverse possession "must sustain the proposition that the possession was in fact adverse to the true owner." *Bynum v. Hollowell*, 656 S.W.2d 400, 403 (Tenn.Ct.App.1983). Under Tennessee law, the burden of establishing by clear and positive proof such adverse possession is on the adverse possessor. *See Whitworth v. Hutchison*, 731 S .W.2d 915, 917 (Tenn.Ct.App.1986) (citing *Jones v. Coal Creek Mining and Mfg. Co.*, 180 S.W. 991 (Tenn.1915); *Davis v. Louisville & N.R. Co.*, 244 S.W. 483 (Tenn.1922)). This rule applies to both the length of time and the character of possession. *Id.* Evidence of adverse possession is strictly construed and any presumption is in favor of the holder of the legal title. *Moore v. Brannan*, 304 S.W.2d 660, 667 (Tenn.Ct.App.1959).

Much of the evidence (or lack thereof) discussed in the prescription section above is equally applicable to Plaintiffs/Appellants' claim of ownership through adverse possession. Specifically, there is no proof that the Yarbros were excluded from the farm, or that Dover Scott held this property in contravention of the rights of any other co-tenant. In fact, Dover Scott purchased the undivided interests of three of the co-tenants.[1] One claiming title by adverse possession would not purchase the interests of his or her co-tenants; rather, the doctrine dictates that the person claiming adverse possession has exercised his or her claim to the land in a manner that is actually adverse to the rights and interests of the other tenants. Perhaps more important than Dover Scott's purchase of the interests of some of his co-tenants is the fact that he never claimed full ownership of the tract. In three separate deeds of trust executed by Dover Scott and his wife in favor of Decatur County Bank, the Scotts' interest in the disputed tract is described as an "undivided 5/12th interest." From the record, we conclude that the children of Dover Scott have failed to meet their burden to show title by adverse possession.

### Title based on payment of real estate taxes

Tenn. Code Ann. § 28-2-109 provides:

> Any person holding any real estate or land of any kind, or any legal or equitable interest therein, who has paid, or who and those through whom such person claims have paid, the state and county taxes on the same for more then twenty (20) years continuously prior to the date when any question arises in any of the courts of this state concerning

---

[1] The record contains deeds from Velora Scott Fisher (dated January 3, 1962), Marva Scott Jackson and Doris Scott (dated March 13, 1963), and Paul Scott (dated August 17, 1965).

the same, and who has had or who and those through whom such person claims have had, such person's deed, conveyance, grant or other assurance of title recorded in the register's office of the county in which the land lies, for such period of more than twenty (20) years, shall be presumed prima facie to be the legal owner of such land.

Tenn. Code Ann. § 28-2-110 provides, in relevant part:

> (a) Any person having any claim to real estate or land of any kind, or to any legal or equitable interest therein, the same having been subject to assessment for state and county taxes, who and those through whom such person claims have failed to have the same assessed and to pay any state and county taxes thereon for a period of more than twenty (20) years, shall be forever barred from bringing any action in law or in equity to recover the same, or to recover any rents or profits therefrom in any of the courts of this state.

Although Tenn. Code Ann. §§ 28-2-109 and 28-2-110 provide the basis for a *prima facia* case of ownership, the presumption is rebuttable. In ***Phillips v. Pittsburgh Consolidated Coal***, 541 S.W.2d 411 (Tenn 1976), our Supreme Court made it clear that Tenn. Code Ann. § 28-2-110 "does not bar a suit by one tenant in common against another tenant in common who has paid such taxes unless the plaintiff has been disseised or ousted by the defendant." *Id*. at 413. In ***Burress v. Woodward***, 665 S.W.2d 707 (Tenn. 1984) (upon which Plaintiffs/Appellants rely), the Court stated that "nothing in § 28-2-110 prevents Defendants from defending their title. The failure to pay taxes for twenty years does not automatically cause Defendants to be ejected....T.C.A. § 28-2-110 does not affect title or destroy rights...." *Id*. at 709. Although we may concede that Plaintiffs/Appellants have satisfied Tenn. Code Ann. § 28-2-109 by showing the payment of property taxes for the statutory period, this showing creates only a rebuttable presumption of ownership. Here, the Yarbros have, indeed, rebutted the presumption in defending their alleged ownership interest. Consequently, the burden shifts back to the Scotts to show that the Yarbros have otherwise been "disseised or ousted" from the property. ***Phillips***, 541 S.W.2d at 413. The evidence in the record does not support such a finding in this case. Consequently, the Scotts failed to satisfy their burden once the Yarbros rebutted the Scotts' claimed ownership.

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed equally to the Appellants, Dale Anthony Scott, Michael Ronnell Scott, Danny Ray Scott, Terry Eugene Scott, and their respective sureties.

_____
J. STEVEN STAFFORD, J.