Robert C. WALTERS, Jr., a minor, by his natural parent and next friend, Robert C. Walters, and Robert C. Walters, Individually, Appellants,

v.

Mike GLIDWELL and Gail L. Glidwell, Appellees.

Court of Appeals of Tennessee, Western Section.

May 24, 1978.

Certiorari Denied by Supreme Court Sept. 19, 1978.

T. Robert Hill, Larry C. Sanders, Jackson, for appellants.

James D. Todd, Jackson, for appellees.

NEARN, Judge.

Robert C. Walters, Jr., a seven year old minor, was struck by an automobile being driven by Gail L. Glidwell and owned by her husband, Mike Glidwell. The minor was attempting to cross "Old Humboldt Road" in Madison County when the injuries were sustained. Suit was filed on behalf of the minor by his father as next friend and individually, seeking damages from the Glidwells. The matter was tried to a jury which body returned a defendants' verdict. Plaintiffs appeal and charge the Trial Court with error in the admission of evidence and in the charge to the jury.

The first Assignment complains of the admission of alleged "expert" testimony. We believe the complaint has merit.

While the Trial Judge has broad powers of discretion in determining the qualifications of expert witnesses, those powers are not absolute. In this case, a State Trooper testified that he had been such for five years. Further, that in addition to his initial two months training, he received a week of schooling each year in in-service training. Part of that one week annual training consisted of the measurement of skidmarks and the interpretation of speed from them. An hour or a couple of hours each year were devoted to calculating speed from skidmarks.

The trooper then testified that he arrived on the scene a few minutes after this accident. He then drove his patrol car at a given speed on the asphalt and applied his brakes. Knowing his speed and the length of skidmarks he laid down at that speed, he then correlated that information with the actual length of skidmarks laid down by the defendant to a "template" supplied by the state and arrived at a speed for the defendant's vehicle. He placed defendant's *maximum* speed about 10 m.p.h. *under* that testified to by defendant.

On cross-examination by plaintiff's counsel the trooper testified that he did not know the weight of his vehicle or that of the defendant's; also, that he did not know the tire type or air pressure in either his or the defendant's tires. Likewise, he did not know the effect on his "template" of the fact that part of the defendant's skid was on gravel, while all of his was on asphalt. The trooper testified that he knew nothing of either the mathematical formulae or theory used in the "template" process or the mathematical formulae used to compute vehicular speed from skidmarks. In all honesty, the trooper could testify that the only thing he knew about the correlation of skidmarks to speed was how to read the "template" and knew nothing else of the process. In fairness to the trooper we must point out that when offered as a witness by the plaintiff, he was never offered in the capacity of

an expert witness but was only offered as an investigating officer. It was on cross-examination by defendants' counsel that the metamorphosis in the trooper from plain witness to "expert" witness took place. The Court declared the trooper to be an expert skidmark witness and required that he be considered as a defense "expert" witness and permitted cross examination by plaintiff's counsel. We hold this to be error. The trooper had no expert opinion. He only proffered the opinion of the "template" as the expert. We further hold that such error was harmful and reversible. We quote from defense counsel's view of its importance when attempting to persuade the Court to declare the trooper to be an expert:

"MR. TODD: Your Honor, at this time we tender Trooper Gilbert not only as an expert but as the best expert in this lawsuit, and the law in Tennessee is clear that a Tennessee highway patrolman is qualified to testify. As a matter of fact, the law is that even if he saw her skidmarks, he could have measured them and testified from them. But he went even one step further and did a test in his own automobile. And we submit that makes him the best expert of all, and it's purely · within Your Honor's discretion. Whatever Your Honor rules, we're all going to be bound by it because the Court of Appeals is not going to reverse Your Honor. And this is so critical to the defense. It's a fact that the jury needs to know; the speed of the automobile. And he's the only one who knows. And we think that to deny this from the jury would not be giving them the facts that they need to determine this lawsuit."

We fear counsel not only misinterpreted the qualifications of the trooper, but also prejudged, or misjudged, the actions of this Court.

The first Assignment of Error is sustained.

We believe the cases of *Fortune v. State* (1955) 197 Tenn. 691, 277 S.W.2d 381 and *McElroy v. State* (1921) 146 Tenn. 442, 242 S.W. 883, support our treatment of the first Assignment of Error.

We deem it unnecessary to consider the Assignment of Error which faults the Trial Judge for not granting a new trial based on newly discovered evidence consisting of the "expert" trooper's affidavit to the effect that he had misread the "template" and erred in his testimony before the jury.

■ The remaining Assignments of Error deal with the Court's charge to the jury. Generally speaking, the correctness of a Court's charge to a large extent depends upon the proof adduced before the jury. This case must be retried and just what proof will be produced at that trial is a matter of some speculation. For us to rule on the alleged errors in this charge based on the proof now before us would be both futile and advisory. Therefore, we pretermit ruling upon the remaining Assignments of Error.

■ However, we are constrained to comment upon one of them. Counsel for appellant faults the Trial Judge for not charging the jury the doctrine of comparative negligence, that is, the principle that damages are to be assessed and offset upon a scale of degrees of negligence of the plaintiff and the defendant. Such is not the Tennessee rule for the assessment of damages and we cannot help but wonder how a minor, as in this case, is better off under some sort of "comparative negligence" law rather than Tennessee law which presumptively places this minor plaintiff's capabilities for negligence at "0".

For the reasons given, the judgment below is reversed and the case remanded for a new trial with costs there to await the outcome of the new trial.

Costs of appeal are adjudged against appellee.

Honorable Lloyd Tatum, by designation of the Supreme Court of Tennessee, took part in the hearing of this appeal in the absence of Judge Kirby Matherne.

Done at Jackson in the two hundred and second year of our Independence and in the one hundred and eighty-third year of our Statehood.

SUMMERS, J., and TATUM, Special Judge, concur.