Barbara JOHNSON, Individually and as Surviving Widow of Walter Lee Johnson, and Elmer Holt, Plaintiffs-Appellants,

v.

Johnny R. ATTKISSON, Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Sept. 12, 1986.

Permission to Appeal Denied by Supreme Court Dec. 15, 1986.

T. Edward Lawwell, Lawwell & Dale, Columbia, for plaintiffs-appellants.

Don L. Smith and Gregory L. Cashion, Manier, White, Herod, Hollabaugh & Smith, P.C., Nashville, for defendant-appellee.

## OPINION

CANTRELL, Judge.

In an action for wrongful death, personal injuries, and property damage, the plaintiffs below appeal from a judgment entered on a jury verdict dismissing their action. The issues on appeal concern the testimony of an investigating officer as an expert witness and the trial judge's charge on the imputation of the contributory negligence of the driver to the passenger and the owner of the car.

On October 16, 1983, at approximately 10:00 in the evening, Walter Lee Johnson drove his father-in-law's Chevrolet automobile in a westerly direction on State Highway 99 toward an intersection with U.S. Highway 31 in Columbia. Walter Lee Johnson's wife, Barbara Johnson, was a passenger in the automobile.

At the same time the defendant below, Johnny R. Attkisson, drove his International tractor trailer unit in a northerly direction on U.S. Highway 31 just south of the intersection with State Highway 99. Traffic at the intersection is controlled by electrical traffic lights.

As Mr. Johnson drove into the intersection the truck driven by Mr. Attkisson struck the Chevrolet automobile full on the driver's side. The force of the collision demolished the automobile. Mr. Johnson was thrown from the automobile under the wheels of the trailer as the trailer "jack-knifed" and swung in a 180 degree arc, coming to rest with the front of the trailer pointing back toward Columbia. Mr. Johnson was killed instantly. Mrs. Johnson sustained severe personal injuries.

Mrs. Johnson sued Mr. Attkisson for Mr. Johnson's wrongful death and for her own personal injuries. Her father, Mr. Holt, joined in the action to collect for the damages to his automobile. The jury returned a verdict for the defendant and the trial judge entered an order dismissing the action.

The appellants assert that the trial judge erred in allowing an investigating officer to give his expert opinion about the speed of the truck just prior to the accident. The record shows that Sgt. Joe Smith of the Columbia Police Department was called to the scene of the accident at approximately 1:30 on the morning following the accident. The vehicles and the body of Mr. Johnson had been removed from the scene. Sgt. Smith measured skid marks, gathered what data he could, and analyzed that data to satisfy himself how the accident happened. Over the objection of the plaintiffs, he was allowed to give his opinion that the truck driven by Mr. Attkisson was traveling between forty-five and forty-seven miles per hour just prior to entering the intersection.

The plaintiffs' objection to Sgt. Smith's testimony is two-fold. First, they assert that the proper qualifications to give expert testimony were not established. In the second place, they assert that the facts on which he based his opinion are not stated or otherwise found in the record.

Sgt. Smith testified that he was a supervisor in the Patrol Division of the Columbia Police Department. He related his training and experience in the following testimony:

"Q. All right. If you would, tell us your experience, your training, your schooling, your history of testimony in other cases that would qualify you as an expert in this area of accident reconstruction.

A. I received report writing at the Police Academy in Donelson, Tennessee in 1977. I attended a rather extensive training course through Northwestern University in on-the-scene accident investigation.

Q. Is that Northwestern University in Chicago, Illinois?

A. Yes, sir. It was an off-campus course.

Q. About how many hours did you receive there?

A. It was 80 hours in the on-scene investigation.

Q. All right, sir. What else?

A. After that, I attended the technical reconstruction school which is 120 hours.

Q. Is that also at Northwestern University in Chicago, Illinois?

A. Yes, sir, off-campus course.

Q. Go ahead please, sir.

A. I've gained experience through working numerous accidents in the city of Columbia while I've been employed with the Police Department. I received certification from Northwestern as an expert in technical accident reconstruction.

Q. Have you testified as an expert in accident reconstruction previously?

A. Yes, sir.

Q. Have you had occasion to examine many or few automobile accidents and reconstruct the result thereof?

A. Yes, sir. It would be numerous."

█ We are of the opinion that Sgt. Smith did not show the required experience or expertise necessary to give an expert opinion on the speed of the truck involved in this accident. While the competency of an expert witness is largely within the discretion of the trial judge, the power of the trial judge is not absolute. *Walters v. Glidwell*, 572 S.W.2d 657 (Tenn.App.1978). There must be some showing that the witness has some special as well as practical knowledge of the subject he is testifying about. *Fortune v. State*, 197 Tenn. 691, 277 S.W.2d 381 (1955). Other courts have said that the witness should have some special as well as practical acquaintance with the immediate line of inquiry. *Phillips v. Tidwell*, 26 Tenn.App. 543, 174 S.W.2d 472 (1943).

The record before us does not show that Sgt. Smith had any special training in estimating speed from skid marks. Nor does the record show any practical experience in that area. He had been trained and had received certification in the field of accident reconstruction, but we are forced to guess whether that training imparted any skills in the technique of estimating the speed of a vehicle based on the skid marks left on the pavement at the accident scene.

█ We are also of the opinion that the objection to Sgt. Smith's testimony should have been sustained on the other ground asserted by the appellants. For an expert to give an opinion on direct examination based on his own knowledge, he must, as a general rule, first testify to those facts upon which his opinion is based. *Parker v. Prince*, 656 S.W.2d 391 (Tenn. App.1983). Some of the facts necessary to estimate the speed of a vehicle based on the length of skid marks left at the scene of the accident are set out in *Walters v. Glidwell*, 572 S.W.2d 657 (Tenn.App.1978). They are: weight of the vehicle, tire type or air pressure, and type and condition of the road surface. We think it is also necessary to know in the instant case how the trailer was loaded and whether all of the brakes on the truck and the trailer were working properly. There may be other factors that are equally important.

It may be true that Sgt. Smith had acquired all these facts; but if he did, he did not state them for the record and he was not asked to assume them in a hypothetical

question. Therefore, we find that the trial judge erred in allowing Sgt. Smith to give his opinion of the speed of the truck just prior to the accident.

The appellee contends that the admission of Sgt. Smith's testimony was at most a harmless error. Rule 36(b) of the Tennessee Rules of Appellate Procedure provides that a final judgment should not be set aside unless, considering the record as a whole, the error more probably than not affected the judgment. *See Floyd v. State,* 596 S.W.2d 836 (Tenn.Cr.App.1979).

■ However, we cannot say that the error was harmless. The testimony about who had the green light at the time of this accident was sharply controverted. But even if the defendant, Mr. Attkisson, had the green light that fact alone would not absolve him of all liability. The trial judge charged the jury that a driver having the green light is still required to use reasonable care under the circumstances; that he should be prepared to stop if necessary if he observed another vehicle in the intersection or so near it as to render it likely that a collision would occur. The posted speed limit at the site of this intersection was forty-five miles per hour. If Mr. Attkisson exceeded that limit his actions would be negligence per se and the jury might have found that the excessive speed was a contributing factor to the accident. Under these circumstances we think the error in admitting Sgt. Smith's testimony was not harmless.

The plaintiffs' second issue deals with the trial judge's charge to the jury. On the general subject of the effect of negligence and contributory negligence the trial judge charged the jury as follows:

"If then under this definition you find that the defendant was guilty of negligence and that such negligence was the direct and proximate cause of the injuries and damages sustained by the plaintiffs, then the defendant would be liable in these cases, but subject to disqualifica-tion (sic). Even if the defendant was guilty of negligence that directly caused the accident, the plaintiffs could not recover at all if the plaintiff's decedent, that is Mr. Walter Lee Johnson, was guilty of negligence that contributed directly and proximately to the accident.

\* \* \* \* \* \*

I further charge you on the general subject of negligence that if the plaintiffs' decedent and the defendant were both guilty of negligent acts which together be (sic) mutually or concurrently caused the accident or constituted the proximate cause thereof, there could be no recovery in this case."

■ On the face of it, the quoted portion of the charge is clearly erroneous. In *Cole v. Woods,* 548 S.W.2d 640 (1977), the Supreme Court held that in the absence of a showing of a master-servant relationship or the finding of a joint enterprise, the contributory negligence of the driver of an automobile could not be imputed to the passenger. We think it necessarily follows that unless the proper showing is made the negligence of the driver could not be imputed to the owner of the car who was not even present.

However, the appellee insists that this Court cannot consider this issue because it was not included in the motion for a new trial. *See* Rule 3(e), Tennessee Rules of Appellate Procedure.

The record reveals that the judgment on the jury verdict was entered on November 30, 1984. On December 4, 1984, the plaintiffs filed a motion for a new trial which did not include any ground based on the judge's charge. On January 30, 1985, the plaintiff, Beverly Johnson, individually, filed an amended motion for a new trial which included the following ground:

"The Court failed to charge that the contributory negligence, if any, of her husband, Walter Lee Johnson, would not be imputed to her so as to bar recovery in her suit for her personal injuries."

It is not fatal to the appellant's appeal on this issue that this particular ground was not included in a motion for a new trial filed within thirty (30) days of the entry of the judgment dismissing the action. A motion for a new trial timely filed may be amended up until the trial judge enters an order overruling the first motion. *Webb v. Aetna Life Insurance Company,* 496 S.W.2d 511 (Tenn.App.1973). However, as the record shows, the error complained of on appeal is not the same one that the appellants included in the amended motion. The issue raised in the appellant's brief concerns the positive act of the trial judge in charging that the negligence of the driver could be imputed to the passenger and the owner of the automobile. The issue included in the motion for a new trial is the *failure* of the trial judge to charge that the contributory negligence of the driver could not be imputed to the plaintiff, Mrs. Johnson. Technically these are not the same; and on the basis of what he had before him the trial judge was justified in overruling this ground of the motion for a new trial. Where the basis for the motion for a new trial is the failure of the trial judge to give a specific instruction, the appellants must show that a special request was seasonably made and refused by the trial court. *State Department of Highways v. Hurt,* 66 Tenn.App. 689, 478 S.W.2d 775 (1971). The record does not show any charge requested by the appellants on the subject about which they complain on appeal.

Therefore, we hold that this issue is not properly before us. We have dealt with it simply for clarification of the principles that should govern any new trial in this action.

The judgment of the court below is reversed and the cause is remanded to the Circuit Court of Maury County for any further proceedings necessary. Tax the costs on appeal to the appellee.

TODD, P.J. (M.S.), and KIRBY MATHERNE, Special Judge, concur.