IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 17, 2008

# BILLY WALLS DBA B.S. WALLS CONSTRUCTION v. JEFFREY S. CONNER, ET AL.

### Appeal from the Circuit Court for Knox County
### No. 3-606-06   Wheeler A. Rosenbalm, Judge

---

### No. E2007-01917-COA-R3-CV - FILED OCTOBER 27, 2008

---

This litigation arises out of the renovation of and addition to a 100-year old house. While suit was pending, the plaintiff, Billy S. Walls dba B.S. Walls Construction ("Contractor") failed to respond to interrogatories with respect to requested information regarding experts. He likewise did not respond to a motion to compel responses to the interrogatories and an order of the court compelling responses. As a consequence of Contractor's inaction, the trial court refused to allow his two expert witnesses to testify. At trial, Contractor objected to the testimony of an expert tendered by the defendants, Jeffrey S. Conner and Tresia Conner ("Homeowners"). The trial court overruled the objection. Contractor argues in this court that the trial court abused its discretion when it refused to allow his experts to testify and when it held that Homeowners' expert was qualified to testify. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, SP. J., joined.

Russell L. Egli, Knoxville, Tennessee, for the appellant, Billy S. Walls dba B.S. Walls Construction

R. Loy Waldrop, Jr., Knoxville, Tennessee, for the appellees, Jeffrey S. Conner and Tresia Conner

### OPINION

### I.

Contractor sued in general sessions court seeking to recover monies allegedly owed for construction work on Homeowners' residence. Homeowners counterclaimed, alleging substandard workmanship – essentially breach of contract. The general sessions court dismissed Contractor's claim and awarded Homeowners a judgment for $15,000. Contractor appealed to circuit court.

Trial was set in circuit court for May 7, 2007. On April 3, 2007, Homeowners submitted to Contractor interrogatories and a request to produce documents. Five days before trial, Contractor filed a motion to continue. The motion was based in part on Contractor's assertion that his "expert [had] not completed his report on the subject property." The trial court reset the matter for July 23, 2007.

On June 5, 2007, Homeowners filed a motion to compel responses to the unanswered April discovery. Homeowners asked the court to direct that Contractor's responses be made by June 22, 2007. Instead, the trial court entered an order on June 18, 2007, giving Contractor until July 2, 2007, to answer.

Contractor did not meet the court's deadline and waited until July 18 – five days before the new trial date and 16 days after the court-ordered response date – to disclose information regarding his experts. The information that was disclosed was incomplete and did not comply with the requirements of Tenn. R. Civ. P. 26.

Homeowners filed a motion *in limine* and asked that Contractor's two experts be precluded from testifying. The motion was heard prior to the beginning of the bench trial. Contractor's attorney argued that Homeowners' attorney could have taken the depositions of the two experts. The court replied as follows:

> Well, they didn't know you were going to call them. They didn't even know what they were going to say. Why should they be expected to make a decision about taking a deposition until they know what the people are going to say?
>
> Isn't that why we have a provision in Rule 26 for so-called expert interrogatories, identification of expert witnesses and identification of the basis upon which their opinion is rendered?
>
> I mean, I'm troubled a little bit about this. Because, first of all, we have a rule here in this Court, in this circuit, providing that if you don't answer interrogatories or discovery requests and the other side wishes to compel that, all they've go to do is file a motion and a proposed order.
>
> And if it lays here ten days without an objection, the Judge enters the order compelling a response. Of course, you shouldn't have to do that. Lawyers ought to answer these things. That's why they're in the books.
>
> And it seems a bit unfair, doesn't it, to put [Homeowners] to trial here, when you furnished [their lawyer] the information that's the substance of your lawsuit, what, five days before trial?

2

Contractor's attorney then argued that the experts' testimony did not go to the substance of his original complaint, but rather to his defense of the counterclaim. Referring to Homeowners' expert who testified in general sessions court, Contractor's lawyer said that his experts were "in response to the surprise witness that occurred at General Sessions . . . ." The trial court then said:

> But you're getting into all these details about who did what and who did it right and who did it wrong. That's why we're having a lawsuit. But this whole idea of discovery is to find out what people know beforehand to let everybody adequately prepare.
>
> Why? You know, you should have answered these interrogatories timely or gotten relief and an extension of time to do so, which the Court gladly would have granted you if you had reason for it.
>
> But, now, why should I come in here and listen to—these are just excuses for your own delay, aren't they? I mean, you could have avoided all this if you would have done what you should have done.
>
> If somebody is calling an expert—I've seen experts come and go by the thousands, and some of them will say anything. People need an opportunity to quiz them and prepare. And I've never put anybody to trial against the testimony of an expert that they didn't have an opportunity to explore if they wish to do that.
>
> I think that's what the civil rules require. That's what fundamental fairness requires. So I'm a little bit—how can I —

At this juncture, Contractor's lawyer interrupted the court to explain that he hadn't disclosed one expert because the funds were not available to pay the expert. The court then inquired of Homeowners' attorney whether the problem could be solved by a continuance. Homeowners' attorney stated that he was not asking for a continuance. He noted that there had already been one continuance. He said that he had used an expert in general sessions court so Contractor's attorney, who had a transcript of that testimony, had known for months what Homeowners' expert could be expected to testify at trial. He added that he had no idea what Contractor's witnesses would say and that, furthermore, Contractor had had his expert's report for two months and had failed to disclose it. Contractor's attorney then told the court that he didn't get the court's order of June 18, 2007, even though the order contains the certificate of the court clerk that it had been mailed to him. He re-emphasized that he could not release the report and disclose the expert until there were funds available to pay for the expert; he orally moved for a continuance. The court then made it's ruling on the matter as follows:

> Now, these people have been put through the expense of getting ready for this case twice. You know, you all do these things, and I try to work with you as—I try to bend over backwards, I believe.

3

But if I don't enforce these rules, they're a mockery. They're just so much crap on paper. And I've always said for a long time I believe in strongly enforcing. I think cases are overly discovered, but that doesn't make any difference what I think about that.

The rules provide for full and free discovery, allowing it to be carried on to excess out of precaution, that everybody be fully prepared. Now, these people have been put through trial and come down here. I don't know what these people do, but I presume they have jobs they're away from taking time to deal with this matter.

I take note—it doesn't make any difference to me [if] I have to try the case all over again. But I take note that they got a judgment on their counterclaim in General Sessions Court, I think, for $15,000, the full limit of the General Sessions Court jurisdiction.

So, you know, I don't see how I can grant a continuance . . . .

All right. The motion *in limine* filed by the [Homeowners] in this case is respectfully sustained. The authors of the report that were not provided in a timely fashion for whatever reason will be precluded from testifying in this cause.

This matter then proceeded to trial. When it came time for Homeowners' expert to testify, Contractor objected that the expert was not qualified. This objection was overruled. The trial court found that Homeowners' expert was "quite adequately qualified to testify." At the conclusion of the bench trial, the court dismissed Contractor's claims and entered a judgment against Contractor for $55,000. Contractor appeals.

## II.

Contractor raises two issues on appeal:

1. Did the trial court abuse its discretion in precluding Contractor's two expert witnesses from testifying?

2. Did the trial court abuse its discretion in ruling that Homeowners' expert witness was qualified to testify?

## III.

Our review is *de novo* upon the record of the proceedings below; however, that record comes to us with a presumption that the trial court's factual findings are correct. Tenn. R. App. P . 13(d). We must honor this presumption unless we find that the evidence preponderates against those

4

findings. *Id.*; ***Hass v. Knighton***, 676 S.W.2d 554, 555 (Tenn. 1984). Our review of the trial court's conclusions on matters of law, however, is *de novo* with no presumption of correctness. ***Taylor v. Fezell***, 158 S.W.3d 352, 357 (Tenn. 2005). We likewise review the trial court's application of law to the facts *de novo*, with no presumption of correctness. ***State v. Thacker***, 164 S.W.3d 208, 248 (Tenn. 2005) (citation omitted).

Trial courts have wide discretion with respect to the issue of the admission or rejection of evidence. A trial court's decision in this regard is overturned on appeal only if there is an abuse of discretion. ***Bronson v. Umphries***, 138 S.W.3d 844, 851 (Tenn. Ct. App. 2003). *See* ***Otis v. Cambridge Mut. Fire Ins. Co.***, 850 S.W.2d 439, 442 (Tenn. 1992). In addition, a trial court's decision concerning an appropriate sanction will not be overturned absent an abuse of discretion. ***Lyle v. Exxon Corp.***, 746 S.W.2d 694, 699 (Tenn. 1988) (citing ***Brooks v. United Uniform Co.***, 682 S.W.2d 913 (Tenn. 1984)).

IV.

A.

Tenn. R. Civ. P. 26.02(4)(A)(i) provides as follows:

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

In addition, under the clear language of Tenn. R. Civ. P. 26.05(1), a party is required to supplement its interrogatory responses with respect to experts.

In this case, on April 3, 2007, Homeowners submitted an interrogatory, stating: "Identify each person that you intend to call as an expert witness at any trial of this cause and for each such person provide the information required by [Tenn. R. Civ. P.] 26." When the interrogatories were submitted to Contractor, the trial was scheduled for May 7, 2007. Contractor did not answer the interrogatories or request an extension of time within which to do so. On May 2, 2007, however, Contractor moved for a continuance, saying, among other things, "[t]hat [Contractor's] expert has not completed his report of the subject property, report due on Friday May 4, 2007." The case was continued by the court to July 23, 2007.

Tenn. R. Civ. P. 33, which governs interrogatories to parties, provides that "[t]he party submitting the interrogatories may move for an order under [Tenn. R. Civ. P.] 37.01 with respect to any objection to or other failure to answer an interrogatory." Tenn. R. Civ. P. 33.01 (2007). On June 5, 2007, Homeowners filed a motion under Rule 37 to compel responses to the discovery sent in April, 2007.

5

The local rules of the circuit courts[1] for Knox County state: "All Motions to compel discovery will be accompanied by a proposed Order which will be . . . entered ten (10) calendar days after filing unless the adverse party requests in writing a hearing prior to the expiration of the ten day period." Contractor did not request a hearing and did not answer the discovery. The proposed order submitted by Homeowners asked that the responses be filed by June 22, 2007. In compliance with the local rule, the trial court entered the order on June 18, 2007, but selected the date of July 2, 2007, as the deadline for filing the responses. Contractor did not comply with the court's order; nor did he make any response to the motion to compel or seek an extension of time.

On July 18, 2007, Contractor provided Homeowners with a 52-page report based on a house inspection on April 2, 2007. The report was completed on May 9, 2007, and photographs and other information were added to the report on May 17, 2007. The interrogatory answer supplied stated the names of two expert witnesses that Contractor intended to call at trial, but did not supply the other information required under Rule 26 and requested in the interrogatory concerning experts.

Homeowners then filed a motion *in limine* asking that Contractor's experts be precluded from testifying. Under Tenn. R. Civ. P. 37.02(B), an order prohibiting a party from introducing matters into evidence is one of the available remedies for a violation of an order made pursuant to Tenn. R. Civ. P. 37.01, such as the one in this case. Tennessee courts have recognized and applied the sanctions permissible under Rule 37.02(B). *See, e.g.*, **Cummins Station, LLC v. Batey**, No. M2005-2508-COA-R3-CV, 2007 WL 1319262, at *5 (Tenn. Ct. App W.S. filed May 4, 2007) (trial court's decision to uphold default judgment for deliberate refusal to comply with discovery rules not abuse of discretion). This rule has been applied to preclude expert witnesses in federal courts as well. *See* Jason H. Eaton, Annotation, *Propriety of Exclusion of Expert Testimony As Sanction under Federal Civil Procedure Rule 37(b)(2)(B)[2] for Violation of Discovery Order*, 151 A.L.R. FED. 561 (1999) (comprehensive review of Rule 37 federal cases).

Even without the imprimatur of Rule 37, however, the Supreme Court has ruled that "the inherent power of trial judges permits the trial judge to take appropriate corrective action against a party for discovery abuse." **Lyle v. Exxon Corp**., 746 S.W.2d 694, 699 (Tenn. 1988) (citing **Strickland v. Strickland,** 618 S.W.2d 496, 501 (Tenn. Ct. App. 1981)). "Thus, the authority to impose sanctions for abuse of the discovery process derives from the Rules and the court's inherent powers." **State ex rel. Gibbons v. Smart**, No. W2007-01768-COA-R3-CV, 2008 WL 4491729, at *10 (Tenn. Ct. App. W.S., filed October 8, 2008) (citing **Butler v. Butler**, No. 02A01-9807-CH-00184, 1999 WL 418351, at *4 (Tenn. Ct. App. W.S. filed June 22, 1999)).

In this appeal, Contractor relies on **Lyle**, which was a workers' compensation case against Exxon Corporation. In **Lyle**, the plaintiff's attorney did not identify experts until four days before trial. **Lyle**, 746 S.W.2d at 698. Exxon's lawyer filed a motion *in limine* to preclude one of the

---

[1] The rules are for Divisions I, II and III, but not Division IV, which handles domestic matters.

[2] The language of the Tennessee and federal rules both allow a preclusion of designated matters in evidence as a sanction.

experts. *Id.* When the trial began, the trial court offered Exxon's lawyer more time, which he declined. *Id.* The lawyer suggested that the trial go forward and he might *voir dire* the witness. *Id.* When the expert was called to testify, Exxon's lawyer renewed his objection. *Id.* The trial court once again offered more time. *Id.* The trial court allowed the witness to testify and after the witness finished his testimony on direct examination, Exxon's lawyer did not ask for additional time. *Id.* Exxon then appealed claiming the expert should have been precluded from testifying. The Supreme Court held that the trial court did not abuse its discretion in offering the defendant a continuance instead of precluding the witness. *Id.* at 699.

Contractor's reliance on *Lyle* is misplaced. First, this case is clearly distinguishable from *Lyle* on its facts. Further, in *Lyle*, the Supreme Court specifically recognized that "[e]xcluding the testimony of an expert witness may be an appropriate sanction for failure to name the witness." *Id.* Contractor argues that the trial court in this case should have granted a continuance. But the *Lyle* Court noted that "other sanctions [than preclusion] may be appropriate where the failure to name an expert witness is not knowing and deliberate." *Id.* The violation in the instant case, however, was knowing. Thus, *Lyle* is inapposite. Here, Contractor acknowledges that he had his experts' report in May and knowingly did not provide it until just before trial on July 23, 2007.

Contractor claims that no money was available to pay the experts' bill, but the trial court clearly questioned this explanation. In reaching its conclusion, the court said, "The authors of the report that [was] not provided in a timely fashion *for whatever reason* will be precluded from testifying in this cause." (Emphasis added.) In ***Ferrara v. Balistreri & DiMaio, Inc.***, 105 F.R.D. 147, 151 (D. Mass. 1985), the court found that counsel could not escape sanctions by arguing that he could not provide expert reports until the experts made such reports available.

In addition, Contractor knowingly refused to avail himself of the rules and resources available to solve his "problem." If an expert was purposefully holding up delivering a report, this is a matter that could have been taken up with the court. And the trial court in this case was open to being approached. For example, the court said, "[y]ou should have answered these interrogatories timely or gotten relief and an extension of time to do so, which the Court gladly would have granted you if you had reason for it." In ***Parker v. Freightliner Corp***., 940 F.2d 1019, 1025 (7th Cir. 1991), the Seventh Circuit held that the preclusion of plaintiff's expert witnesses in a products liability lawsuit was not an abuse of discretion. The court noted that the plaintiff willfully failed to answer interrogatories in violation of the court's order to do so. *Id.* The court was not moved by excuses, noting the lawyer created most of his discovery problems or failed to seek the trial court's assistance in resolving any discovery dispute. *Id.* The same can be said in this case. The trial court put it simply, "[Y]ou could have avoided all this if you would have done what you should have done."

Contractor offered no explanation for initially failing to respond to interrogatories or to seek an extension of time to do so. He acknowledged receiving the motion to compel discovery, but he offered no explanation for failing to make a response to that motion or for his failure to seek a hearing or an extension of time to respond. He claims that he never received a copy of the court's order, but the court clerk had certified on the order that a copy was sent to his counsel. He offers no explanation for failing to answer Homeowners' interrogatories by the deadline for responding to the motion to compel, which motion he acknowledges he received. He offers no explanation for not

answering the interrogatories fully and completely when he finally produced a response five days before trial.

In this court, Contractor argues that he deserved a fair trial and that the Rules of Civil Procedure must be applied so as to result in fundamental fairness. We agree. But the concept of fundamental fairness applies to both plaintiffs and defendants. As the United States Supreme Court has said, "Discovery . . . is not a one-way proposition." *Hickman v. Taylor*, 329 U. S. 495, 507 (1957). Thus, Homeowners also deserved a fair trial with no undue surprise.[3]

Avoiding trial by ambush was a primary reason for the adoption of the modern rules of discovery. In discussing the then relatively-new Rules of Civil Procedure, the United States Supreme Court stated in *Hickman*: "Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before the trial." *Id*. at 501.

As this court has noted, "Discovery sanctions serve a 'three-fold purpose: (1) to secure a party's compliance with the discovery rules, (2) to deter other litigants from violating the discovery rules, and (3) to punish parties who violate discovery rules.' " *Magness v. Couser*, No. M2006-00872-COA-R3-CV, 2008 WL 204116, at *6 (Tenn. Ct. App. M.S., filed January 24, 2008) (quoting *Mansfield v. Mansfield*, No. 01A19412CH0058, 1995 WL 643329, at *5 (Tenn. Ct. App. M.S. filed November 3, 1995)). A trial court's sanction is not disturbed absent an abuse of discretion. The Tennessee Supreme Court states: "A trial court abuses its discretion when it applies an incorrect legal standard or reaches a decision which is against logic or reasoning and which causes an injustice to the complaining party." *Magness v. Couser*, at *6 (quoting *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005)).

In this case, when the trial court sanctioned Contractor and precluded his two experts from testifying, it made it possible, as a practical matter, for Homeowners to make their case without any substantial opposing evidence. It is not argued that the court applied an incorrect legal standard. And given the inherent authority of the court and the broad discretion afforded under Tenn. R. Civ. P. 37, we cannot find that the court's actions were without logic or reason.

When matters have reached a point in a case where the trial judge considers the sanction of preclusion, however, it will usually be because the court has been unable to otherwise secure a party's compliance with the discovery rules. As this court stated in *Magness*, the purpose of such a sanction is to deter others and punish the party who has violated discovery rules. Although punitive by definition, sanctions do not constitute an injustice to the complaining party on facts such as those presented in this case.

---

[3]Contractor argues on appeal that, in general sessions court, Homeowners called their expert as a "surprise witness." Unlike a court of record in which discovery is available, in general sessions court all witnesses are surprise witnesses.

8

The sanction in this case is admittedly harsh. But "harsh sanctions have been used with some frequency to address a party's failure to comply with discovery orders." *Howard v. Am. Indus. Serv., Inc*., No. M2001-02711-COA-R3-CV, 2002 WL 31769115, at *2 (Tenn. Ct. App. M.S. filed December 11, 2002) (citing *American Steinwinter v. American Steinwinter, Inc*., 964 S.W.2d 569 (Tenn. Ct. App. 1997)); *Yearwood, Johnson, Stanton & Crabtree v. Foxland*, 828 S.W.2d 412 (Tenn. Ct. App. 1991); *Potts v. Mayforth*, 59 S.W.3d 167 (Tenn. Ct. App. 2001). We hold that the trial court's decision to preclude Contractor's experts from testifying does not amount to an abuse of discretion.

B.

Contractor asserts that the trial court erred in not sustaining his objection to the qualifications of Homeowners' expert. Questions concerning qualifications, admissibility, relevance, and competency of expert testimony are within the broad discretion of the trial court. *See McDaniel v. CSX Transp., Inc.*, 955 S.W.2d 257, 263-64 (Tenn. 1997); *State v. Ballard*, 855 S.W.2d 557, 562 (Tenn. 1993). On review by this court, the court's ruling cannot be overturned except for abuse of discretion. *Ballard*, 855 S.W.2d at 562 (citation omitted).

As Contractor correctly notes, the broad powers of discretion of the trial courts in such matters are not absolute. *Walters v. Glidwell*, 572 S.W.2d 657, 658 (Tenn. Ct. App. 1978). The discretionary nature of the decision does result in a less rigorous appellate scrutiny, however. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 222 (Tenn. Ct. App. 1999) (citations omitted).

In this case, in attempting to qualify as an expert, the witness testified that he has a degree from the School of Architecture at the University of Tennessee. He is a licensed architect in Tennessee and Georgia. He is also a licensed residential contractor in Tennessee. Both his father and grandfather were homebuilders. After he graduated from the University of Tennessee in 1973, he practiced architecture in Atlanta for four years. He then moved back to Tennessee and developed residential subdivisions until 1995. He went into commercial construction in 1996, and he worked in commercial construction for the 12 years prior to the trial.

During the time the expert was involved in residential construction as a homebuilder, he built 300 houses. He also developed subdivisions. He does cost estimates as a part of his job and stated, "I work with estimates almost daily." He also is familiar with residential construction costs and had previously testified as an expert witness about residential construction. He visited the residence that was the subject of the lawsuit twice. On both visits he inspected the property and the home. He took photographs and prepared a report. He has been president of the Knoxville Homebuilders Association and has presented seminars on construction issues.

The witness was then tendered for *voir dire*. On appeal, Contractor points to several facts brought out during *voir dire*, which he contends shows that the trial court erred in admitting the witness' expert testimony: (1) that Homeowners' expert had no experience renovating 100-year old structures; (2) the expert had not performed a renovation of an existing residential structure for nine years; (3) the expert's experience was in building new structures; and (4) the expert testified that he calls his friends about pricing in the field of renovating homes.

9

As the trial court noted, the facts brought out on *voir dire* of the witness go to the weight and credibility to be given to the witness's testimony. We give the trial court's determinations in that regard great deference on appeal. *See **Bowman v. Bowman***, 836 S.W.2d 563, 566 (Tenn. Ct. App. 1991). We find that the trial court did not abuse its discretion in determining that the witness was qualified to testify and admitting his testimony.

V.

We affirm the trial court's judgment. Costs of this appeal are taxed to the appellant, Billy S. Walls. This case is remanded to the trial court for enforcement of the trial court's judgment and for collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE